In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. EMINENT DOMAIN (§ 265*)—PROCEEDINGS—ALLOWANCE OF COSTS.
   Laws 1905, c. 724, entitled "An act to provide for an additional supply of pure water for the city of New York," and providing in section 13 that the commissioners may recommend such sums, if any, as ought to be paid to attorneys appointed to attend to the interests of any known owner or party who has not appeared in the proceeding, authorizes the payment of attorney's fees to an attorney appearing for any party in interest.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 265*)—PROCEEDINGS—COSTS—ALLOWANCE OF ATTORNEY'S FEES.
   Laws 1905, c. 724, entitled "An act to provide for an additional supply of pure water for the city of New York," provides in section 13 for the allowance of attorney's fees to counsel representing parties in interest.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

· Section 42 provides for payment of consequential damages to persons whose business is injured by condemnation, but makes no suggestion of any allowance for attorney's fees, and neither does the amendment ·in Laws 1906, c. 314, while section 32 provides for the allowance of fees and expenses for the acquiring of title or extinguishing of claims for damages to real estate. *Held*, that as costs are purely a matter of statutory provision, and, where there is no provision for them, they cannot be awarded, attorney's fees cannot be allowed as costs in a proceeding for the assessment of consequential damages resulting from the condemnation of other land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

3. EMINENT DOMAIN (§ 265*)—PROCEEDINGS—"COSTS"—ATTORNEY'S FEES.

In a proceeding for the assessment of consequential damages from the condemnation of other land, attorney's fees cannot be allowed as costs under Code Civ. Proc. § 3240, which provides only for ordinary taxable costs.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.]

Smith, P. J., and Howard, J., dissenting.

Appeal from Special Term, Ulster County.

In the matter of the application of the Board of Water Supply of the City of New York to acquire real estate. Brown and Slosson, attorneys for claimants, moved for counsel fees, and upon denial they appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Brown & Slosson, of New York City (Harrison T. Slosson, of New York City, of counsel), for appellants.

Archibald R. Watson, Corp. Counsel, of New York City (William McM. Speer, of New York City, of counsel), for respondent.

WOODWARD, J. Brown & Slosson, attorneys for various Ulster county claimants for business damages, under the provisions of section 42 of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, moved at the Ulster County Special Term for an allowance of 5 per cent. as counsel fees upon the various awards which they had secured under the provisions of the statute for business damages growing out of the taking of lands for water supply purposes. The business damage commission which had made the several awards refused to make any recommendation for the payment of 5 per cent. allowances or any other sum, and the court at Special Term declined to make an allowance; and, while the order does not clearly indicate that it was denied for want of power in the court, it is stipulated upon this appeal that this was the true ground for the denial of the motion, and we are asked to determine the question upon the merits.

[1, 2] Chapter 724 of the Laws of 1905 is entitled "An act to provide for an additional supply of pure and wholesome water for the

city of New York; and for the acquisition of lands or interest therein, and for the construction of the necessary reservoirs, dams, aqueducts, filters, and other appurtenances for that purpose; and for the appointment of a commission with the powers and duties necessary and proper to attain these objects," and is a comprehensive statute for the purposes of its enactment. Section 13 of this act provides, among other things, that the commissioners "may also recommend such sums, if any, as shall seem to them proper to be allowed, to parties appearing in the proceeding, as expenses and disbursements including reasonable compensation for witnesses. They may also determine and recommend what sums if any ought to be paid to the general or special guardian of an infant, idiot, or person of unsound mind, or to an attorney appointed by the court to attend to the interests of any known owner or party in interest who has not appeared in the proceeding, for expenses or counsel fees." These provisions relate wholly to the taking of lands for the purposes of a water supply, with, perhaps, a provision for paying damages to a railroad corporation injured by the taking of such lands, and it has been held that the provision for counsel fees is not limited to an attorney appointed to "attend to the interests of any known owner or party in interest who has not appeared in the proceeding," but that such fees could be paid to an attorney appearing for any party in interest. Matter of Simmons, 208 N. Y. 69, 72, 101 N. E. 704.

Section 42 of the original act provided that:

In "case any person owning private property not actually taken or proposed to be taken under the provisions of this act, but which will in his opinion be damaged by proceedings taken or proposed to be taken thereunder, the board of water supply may agree with such person as to the amount of such damages, and if such agreement cannot be made such damages, if any, shall be determined in the manner herein provided for the ascertaining and determining the value of real estate taken under the provisions of this act," etc.

There is no suggestion here of any intention on the part of the Legislature to provide for the payment of fees or allowances, nor is there such a suggestion when the Legislature came to the amendment of this section in the following year. The section as amended by chapter 314 of the Laws of 1906 provides, in so far as the question here involved is concerned, that:

The "owner of any real estate not taken by virtue of this act and chapter seven hundred and twenty-three of the Laws of nineteen hundred and five or of any established business on the first day of June, nineteen hundred and five, and situate in the counties of Ulster, Albany or Greene, directly or indirectly decreased in value by reason of the acquiring of land by the city of New York for an additional water supply or by reason of the execution of any plans for such additional water supply by the city of New York under the provisions of this act and chapter seven hundred and twenty-three of the Laws of nineteen hundred and five, their heirs, assigns or personal representatives shall have a right to damages for such decrease in value. The board of water supply of the city of New York may agree with such person as to the amount of such damages, and if such agreement cannot be made such damages, if any, shall be determined in the manner herein provided for the ascertaining and determining the value of real estate taken under the provisions of this act, and the commissioners shall not be limited in the reception of evidence to the rules regulating the proof of direct damages."

But nowhere in the statute is there any suggestion that either the commissioners or the court is authorized to award an allowance for counsel fees, and the rule is well established that costs and allowances are purely a matter of statutory provision, and where there' is no provision for them they cannot be awarded. Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413; Matter of Rapid Transit R. R. Com'rs, 197 N. Y. 81, 110, 90 N. E. 456, 18 Ann. Cas. 366.

[3] It may be that under the provisions of section 3240 of the Code of Civil Procedure there is authority for awarding certain taxable costs (Matter of Low, 208 N. Y. 25, 31, 101 N. E. 706), but these are only the specific costs allowed for similar services in an action, and it does not authorize any additional allowance (Matter of City of Brooklyn, 148 N. Y. 107, 110, 42 N. E. 413, and authority there cited). The provisions of section 32 of chapter 724 of the Laws of 1905 obviously relate to the recommendations for allowances provided for in section 13 of the act, above quoted, and have only to do with the proceedings for "acquiring title or extinguishing claims for damages to real estate." Section 32. The act generally provides for the acquiring of lands for the purposes of a water supply, and, in so far as it takes private property for public purposes, it is proper, of course, that it should not only provide for just compensation but that it should take care of all of the expenses involved in the proceeding. Matter of City of Brooklyn, supra. But in the matter now before us the claimants would not be entitled to any compensation whatever except for the provisions of the statute, their property is not taken in any constitutional sense, and the Legislature having provided for compensating them for a purely incidental damage without having provided for any allowances for counsel fees outside of the general provision to be found in section 3240 of the Code of Civil Procedure, and which could not support the claim put forward by the appellants, we are persuaded that it would be a mere matter of usurpation of legislative power for this court to reverse the order appealed from and authorize the granting of an allowance of 5 per cent. upon the claims.

The order appealed from should be affirmed, with costs.

SMITH, P. J., and HOWARD, J., dissenting.