by the defendant to plaintiff it was agreed between the parties that it was to be good for any amount that the plaintiff might ever lose or pay by reason of the extension to Argy, and there was no time fixed during which such extension of credit by indorsing said Argy's note or otherwise should continue. It appears from the conversations between plaintiff and defendant that there was no limit in any way of one year, and the only inference is based upon the fact that the defendant's note was for one year. This clearly can be explained by oral evidence, and the finding of the court would seem to be conclusive that O'Brien was to indorse for Argy as long as might be necessary. Whatever may have been the original agreement, however, it is evident that Donnelly knew of these extensions from time to time, that he asked for them and advised them, and, therefore, the extension of time was not without the knowledge and consent of Donnelly, but expressly with his knowledge and consent. Furthermore, knowing all the facts, he paid in 1909 to the plaintiff several hundred dollars upon this indebtedness, thereby recognizing its validity.

It follows from these considerations that the judgment should be affirmed, with costs. All concur.

---

### In re MAXWELL. (No. 295/27.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. INSANE PERSONS ☞44—SETTLEMENT OF ACCOUNT—PAYMENT OF ATTORNEY'S FEES.

As the power of a committee, under Code Civ. Proc. § 2334, ceases upon the death of an incompetent, the right of the committee's attorney to compensation for settling the account cannot be defeated on the ground that it should have been paid him by the committee and allowed as a disbursement by the committee.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 69, 70; Dec. Dig. ☞44.]

2. INSANE PERSONS ☞42—ATTORNEY'S FEES.

The attorney of the committee of an incompetent is entitled to reasonable compensation for his services, to be paid out of the estate.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 64–67; Dec. Dig. ☞42.]

3. INSANE PERSONS ☞42—ATTORNEY'S FEES.

Where those interested in the estate did not object to the amount of an award of compensation to the attorney of the committee of the incompetent, now deceased, and the matter was left to the County Court, the award will not be disturbed; the record not being before the court on appeal, and the compensation not appearing unreasonable in view of the size of the estate.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 64–67; Dec. Dig. ☞42.]

Woodward, J., dissenting.

Appeal from Rensselaer County Court.

In the matter of the judicial settlement of the accounts of Thomas F. Maxwell, as committee of the person and estate of John K. Cullin,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an incompetent, now deceased. From an order of the County Court, amending a decree of the County Court, and from the decree settling the accounts, Herbert M. Cogswell, next of kin, and others, appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Amasa J. Parker, Jr., of Albany, for appellant Cogswell.
John P. Kelly, of Troy, for appellant Ryan.
J. D. Bell, of Hillsdale, for appellant Pulver.
Frederick E. Bowen, of Troy, for respondent.

JOHN M. KELLOGG, J. The decree settling the accounts of Thomas F. Maxwell, as committee of the person and estate of John K. Cullin, an incompetent, now deceased, after passing upon the account as stated, provided that the "said Frederick E. Bowen is allowed the sum of $1,000 for his costs in this proceeding." Mr. Bowen was the attorney of the petitioner, the accounting committee, but it did not appear from the account of said committee that he had paid to the said Frederick E. Bowen the sum of $1,000 for any services rendered in behalf of the estate, the court merely assuming to make the allowance "for his costs in this proceeding." Subsequently the learned county judge, on motion, amended the decree by striking out the words "that the said Frederick E. Bowen be allowed the sum of $1,000 for his costs in this proceeding," and inserting in the place thereof "that the said Thomas F. Maxwell is allowed the sum of $1,000 for his counsel fees and costs in this proceeding." The only effect of this amendment is to provide for the payment of $1,000 to the committee, instead of to the attorney, and, of course, is of no practical importance to any one.

[1-3] The County Court has determined that $1,000 was a just compensation for such services. It is urged that the committee should have paid the attorney and brought the amount in as a disbursement, and that there is error in its allowance as a cost of the proceeding. But, the incompetent having died, all power of the committee ceased under section 2334 of the Code of Civil Procedure, and the committee had no power as committee in determining the amount due to the counsel, and could not have paid the same from the funds of the estate. He could have paid it from his own funds, if he had funds; but, if he had no funds of his own with which to pay his attorney, that should not deprive the attorney of the right to pay for his services or the committee of the right to be reimbursed for the liability which he might be under therefor. It is not a matter of substance whether the allowance of $1,000 is under the name of costs, or is under the name of disbursements made by the committee. The question is: Is the amount just, and is it a charge which may be brought against the estate? Clearly the reasonable compensation of the attorney for the services on the accounting is a just charge against the estate. The order shows that the allowance of $1,000 is as the costs of the proceeding, and that the personal estate on hand at the account-

ing is $132,161.33. The record is not before us; we cannot judge as to the services actually rendered by the attorney; but the account made by the attorney was passed upon by that court, and all the proceedings were before the court. It knew with reasonable certainty what the services of the attorney were in preparing the account and conducting the proceedings. It has determined that $1,000 was reasonable. The amount does not seem unreasonable, and there is no allegation that $1,000 was not fairly earned by the attorney. The appellant was present in court, was a party to the accounting, and he and his attorneys knew that the attorney for the committee was not acting gratuitously, and that the committee would be allowed his reasonable expenses for the settlement, and that payment of his counsel for his services was a necessary part of such allowance. If the amount was not stated in open court, they had the right, and it was their duty, if they wished to contest it, to have the matter discussed in court and the amount fixed after discussion. If it was so fixed, then they have had their day in court; if it was not so fixed, it is as much their fault as that of the respondent or County Court. But, as we have said, the County Court knew what services had been rendered, and if neither counsel put in evidence upon that subject it was fairly left to the County Court to determine upon the record before him. The determination was not unreasonable and ought not to be defeated by technicalities.

It is immaterial whether the allowance is to the committee as an expense which he had paid or as an expense which he must pay. We are required upon appeal to disregard technicalities and to decide according to the justness of the case. There is nothing to indicate that the order is unjust in the respect in which it is criticized. If there was surprise or mistake, and the defendant should have a further opportunity to be heard as to the value of the attorney's services, his remedy is to ask the County Court to reopen the order and not to appeal to this court.

The order should be affirmed, with costs. All concur except

WOODWARD, J. (dissenting). The decree settling the accounts of Thomas F. Maxwell, as committee of the person and estate of John K. Cullin, an incompetent, now deceased, after passing upon the account as stated, provided that the "said Frederick E. Bowen is allowed the sum of $1,000 for his costs in this proceeding." Mr. Bowen was the attorney of the petitioner, the accounting committee, but it did not appear from the account of said committee that he had paid to the said Frederick E. Bowen the sum of $1,000 for any services rendered in behalf of the estate; the court merely assuming to make the allowance "for his costs in this proceeding." Subsequently the learned county judge, on motion, amended the decree by striking out the words "that the said Frederick E. Bowen be allowed the sum of $1,000 for his costs in this proceeding," and inserting in the place thereof "that the said Thomas F. Maxwell is allowed the sum of $1,000 for his counsel fees and costs in this proceeding." The only effect of this amendment is to provide for the payment of $1,000 to the committee, in-

stead of to the attorney, and, of course, is of no practical importance to any one.

Herbert M. Cogswell, the sole next of kin, etc., of John K. Cullin, the deceased incompetent; served a notice of appeal on the 26th day of May, 1915, from the original decree, complaining of the allowance of $1,000 to Mr. Bowen as counsel fee, and while this appeal was pending the court made the amendment above detailed. Thereupon Mr. Cogswell filed a second notice of appeal from the order amending the decree, and the executors of the last will and testament of the said incompetent likewise served a notice of appeal from this amending order, but without appealing from the original decree as thus amended. For all practical purposes, therefore, Mr. Cogswell, as sole next of kin, is the only person appealing, and it is suggested on the part of the respondent that Mr. Cogswell has no right to raise the question by appeal; it being contended that the executors of the estate are the only proper persons to raise this question.

We are left entirely in the dark as to the real relations of the executors to the estate, but it appears from the decree appealed from that Mr. Cogswell, as sole next of kin, etc., appeared in the proceeding for the judicial settlement of the accounts of the committee of the incompetent, and we think it is now too late to suggest that he is not a party aggrieved by the decree appealed from, which disposes of $1,000 of the property of the incompetent. While it does not appear that Mr. Cogswell takes anything under the will of the decedent, it seems to have been assumed that he had an interest in the estate, for he appears without objection so far as we can discover, and the liberal policy of the law, as manifested by section 1296 of the Code of Civil Procedure, would seem to indicate that he has a right, as a party to the original proceeding, to raise the question here presented.

I think there is no doubt that a person holding property in a fiduciary relation has a right to expend such sums as may be reasonably necessary in reducing the property to possession and in preserving the same, and in making a final accounting. This proposition is supported by many authorities. But I think the law is also well established that such expenditures should be made upon the judgment of the person so holding the property, in the orderly administration of the trust, subject to the approval of the court upon the judicial settlement of the account. In other words, the trustee should employ such assistance, by way of counsel or otherwise, as is reasonably necessary, and should include the charges for such services in his account, like any other disbursement, so that it may be subject to objection, investigation, and judicial determination, rather than the mere caprice of the court. In the present instance the estate is large and the allowance may not be unjust. Nothing is shown by the record what services were rendered —what were necessary to be rendered—and the rule is well established that costs and allowances are purely a matter of statutory provision, and that where there is no provision for them they cannot be awarded. Matter of Board of Water Supply, 158 App. Div. 116, 118, 142 N. Y. Supp. 801, and authorities there cited; Matter of School Street, 162 App. Div. 158, 147 N. Y. Supp. 195, and authorities there cited.

Interested parties are allowed to have a hearing upon all other matters of administration by a trustee, and I can see no good reason, nor is authority cited to the contrary, why this should not prevail in the matter of allowances of counsel fees as a part of the expenses of administration. There is no doubt of the right of a trustee, who has faithfully discharged his duties, to be reimbursed out of the estate for his legitimate expenditures; but this should not depend upon the discretion of the court, but upon the judgment of the trustee, subject to the same review by the court that follows any other disbursement of the funds of the estate. I have purposely refrained from elaborate citation of authorities upon this subject, because it is one involved in great confusion; but, after an examination of the case, I am persuaded that the rule above set forth is the true one, and that it does not run counter to any determination which is controlling here.

The order amending the decree should be reversed, and the original decree should be modified, by striking out the provision for the allowance made to the attorney for the respondent, with costs to the appellant, and, as so modified, affirmed.