Floyd E. Anderson, J.
This is a motion pursuant to section K41-15.0 of the Administrative Code of the City of New York by the corporation counsel of the City of New York to confirm the eighth separate report dated October 9, 1957, of Carl R. Gitlitz, Sidney Mang and Harry Harris, commissioners of appraisal of Delaware Section No. 30. The Dairymen’s League Co-Operative Association, Inc., by cross motion, moves to reject the report of said commissioners and to vacate as inadequate any awards made by them in favor of the claimant, Dairymen’s League Co-Operative Association, Inc.
Section K41-44.0 of the Administrative Code of the City of New York provides as follows: “ The owner of any real estate, not taken, situate in any one or more of the counties of Ulster, Delaware, Orange or Sullivan, or of any established business, directly or indirectly decreased in value by reason of the execution of any plans for or by the acquisition of land by the city for *767 a water supply from the Rondout and Delaware watersheds * * * within such counties, or any of them * * * pursuant to law, his or its assigns, or personal representatives * * * shall have a right to damages for such decrease in value, from the time of the beginning of such decrease in value, provided, however, that in the case of an established business, the recovery of or award made to any claimant shall not include any business that may have resulted by reason of the execution of any plans for such water supply.”
Having reviewed the voluminous testimony and exhibits before the commissioners of appraisal, I find the awards of $17,500 for damages to the real estate of the claimant, $20,000 for damages to the business of the claimant and $942.58 for witness fees to be just and equitable compensation and the total award to the claimant, Dairymen’s League Co-Operative Association, Inc., of $38,442.58 is hereby confirmed (Matter of Huie, 2 N Y 2d 168).
Three contentions of the claimant remain to be considered.
The claimant sought interest on the awards at the rate of 4% per annum for the period beginning October, 1947, the date of the filing by the City of New York of their “ taking ” maps for sections 14 and 15 in Delaware County. The commissioners of appraisal, after considering the question, failed to allow the claimant interest on the award. The claimant relies on the wording of section K41-44.0 of the Administrative Code of the City of New York, which provides that the damages for decrease in value shall run from the time of the beginning of such decrease in value. However, in the case of Hudson Riv. Tel. Co. v. City of New York (210 N. Y. 394), the Court of Appeals held that the right to interest “ is restricted to cases in which land is acquired or affected ” and does not apply to an award made in a business damage case.
The attorney for the claimant sought counsel fees of 5% of the total award. Section K41-33.0 of the Administrative Code of the City of New York provides for counsel fees to be paid at the discretion of the court. However, the cases have uniformly held that counsel fees should be given only in “fee taking ” cases and not in “ business damage ” cases. (Matter of Board of Water Supply, 158 App. Div. 116; Matter of Board of Water Supply, 81 Misc. 19, mod. 159 App. Div. 279, revd. 211 N. Y. 174.)
The third contention of the claimant deals with witness fees. The claimant sought witness fees for employees of the Dairymen’s League Co-Operative Association, Inc. who testified at the hearing before the commissioners of appraisal. The commissioners did not allow fees to the employees of the claimant *768 and since that appears to be the uniform practice in these cases, I feel the commissioners acted correctly.
Therefore, the motion by the City of New' York to confirm the eighth separate report of the commissioners of appraisal of Delaware County Section No. 30, dated October 9, 1957, is granted and the claimant’s cross motion is denied.
Submit order.