FRANK HESTER v. THE COMMISSIONERS OF PARKS AND
BOULEVARDS OF THE CITY OF DETROIT.

*Costs—Condemnation proceedings—Detroit park and boulevard act.*

1. Costs are only recoverable when there is statutory authority
   awarding them.
2. There is no statutory authority for awarding either witness or
   attorney fees in condemnation proceedings under Act No. 388,
   Local Acts of 1889, relating to parks and boulevards in the city
   of Detroit.

*Mandamus.* Submitted January 21, 1891. Denied
February 5, 1891.

Relator applied for *mandamus* to compel payment of
costs in proceedings relating to widening of boulevard.
The facts are stated in the opinion.

*E. T. Wood,* for relator.

*John J. Speed,* for respondents.

McGRATH, J. Proceedings were instituted by respond-
ents, under an act relating to parks and boulevards in
the city of Detroit (Local Acts of 1889, p. 607), to
widen the boulevard, taking a strip from relator's prop-
erty. These proceedings were afterwards discontinued,
whereupon relator's costs were taxed at $30.50, including
an attorney fee of $25, and witness fees. Respondents
refuse to pay these costs, and a *mandamus* is prayed to
compel the payment.

Costs are only recoverable when there is statutory
authority awarding them. *Booth v. McQueen,* 1 Doug. 41;
*Jeffery v. Hursh,* 58 Mich. 258; *Tolford v. Church,* 66 Id.

431.    The only provision relating to costs or fees in the act referred to, under which these proceedings were had, is section 27, which is as follows:

"Jurors in said proceedings, and all officers who shall render any services in said proceedings, shall be entitled to the same fees which are allowed for like purposes in ordinary cases of opening streets and alleys in said city, commenced in said recorder's court; and the persons appointed to represent absent or other respondents, as above provided, shall be paid such sum as the court may deem reasonable."

The act relating to opening streets and alleys in the city of Detroit (Local Acts of 1885, p. 346, § 22) provides for the payment of "officers', jurors', and witnesses'" fees; and the general law for the opening of streets and alleys in cities and villages (How. Stat. p. 1300a, § 17) contains the same provisions as the local act. The general law, however, contains (section 19, as amended in 1889) a separate section providing for the allowance by the court of an attorney fee. Neither the provisions of the local street opening act nor the general law relating to street openings have any application to proceedings had under the park and boulevard act. The presence of the provision in the latter act for payment to persons appointed (by the court) to represent absent or other respondents, and of the separate provision in the general law providing for the payment of attorney fees, make it very clear that attorneys are not included in the term "officers."

There is therefore no statutory authority for awarding either witness fees or attorney fees in proceedings under this act, and the application must be denied.

The other Justices concurred.