### DETROIT EDISON COMPANY v. JANOSZ.

1. EMINENT DOMAIN—COSTS—STATUTES.
   Costs in condemnation cases are allowable in this State only when and to the extent authorized by statute.

2. SAME—STATUTES—ATTORNEY FEES—EXPERT WITNESS FEES.
   Statute empowering an electric company to condemn land for right-of-way and providing that "the expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall allow such fees and compensation as seem just and reasonable" authorized the probate court to allow attorney and expert witness fees to the defendants (CL 1948, § 486.252g).

3. STATUTES—AMENDMENT—CONSTRUCTION OF STATUTES.
   Rule that a statutory amendment is to be construed, unless a different intent is manifest, as changing the statute amended, is a rule of construction for determining the meaning of the amendment and not of the statute as it stood before amendment.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Eminent Domain § 378.
[2, 5] 18 Am Jur, Eminent Domain § 379.
[3] 50 Am Jur, Statutes § 275.

4. SAME—AMENDMENT—PURPOSE.

An amendment of a statute may be adopted for the purpose of making plain what the legislative intent had been all along from the time of the statute's original enactment.

5. EMINENT DOMAIN—STATUTES—AMENDMENT—ATTORNEY FEES—EXPERT WITNESS FEES.

Fact that condemnation statute empowering an electric company to condemn right-of-way for its lines empowered probate court to allow "such fees and compensation as seem just and reasonable" was later amended to provide that "the court shall allow, in addition to taxable costs, additional attorney fees as may seem just and reasonable by the court for attendance at the hearing" would not preclude court from allowing reasonable attorney and expert witness fees in proceeding commenced prior to effective date of amendment (CL 1948, § 486.252g, as amended by PA 1957, No 254).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 17, 1957. (Docket No. 15, Calendar No. 47,285.) Decided December 24, 1957.

Petition by the Detroit Edison Company, a New York corporation, for condemnation of land for public utility right-of-way. Upon determination of necessity, award was made to Frank E. Janosz and Irene V. Janosz which included reasonable attorney fees and expert witness fees. From an order of circuit court setting aside allowance for these items of expense, defendants appeal. *Reversed.*

*Fischer, Sprague, Franklin & Ford* (*Gerald C. Simon,* of counsel), for plaintiff.

*Fred J. Potvin,* for defendants.

DETHMERS, C. J. In April of 1956, plaintiff, the Detroit Edison Company, brought condemnation proceedings in probate court under PA 1923, No 238, as amended by PA 1947, No 356 (CL 1948, § 486.251 *et seq.* [Stat Ann 1955 Cum Supp § 22.1671

*et seq.*]), for acquisition of rights-of-way across defendants' lots "for the purpose of stringing high-tension electric lines and steel towers to support these lines." Commissioners were appointed, hearing on the petition was had, they made a determination of necessity and that damages in the amount of $9,250 be paid to defendants as just compensation, and filed their report accordingly. The probate court entered an order confirming and, in addition, a separate order requiring plaintiff to pay, on behalf of defendants, a fee of $1,000 to their attorney and a fee of $200 to their expert witness for services rendered in the proceedings. It is stipulated that these fees are reasonable in amount. From the latter order plaintiff appealed to the circuit court which set it aside and defendants appeal here.

Costs in condemnation cases are allowable in Michigan only when and to the extent authorized by statute. *Hester* v. *Commissioners of Parks and Boulevards of the City of Detroit,* 84 Mich 450; *Department of Conservation* v. *Connor,* 316 Mich 565. Authority in the act under which these proceedings were brought for the probate court's order allowing the mentioned fees must be found, if at all, in its section 2g. Its pertinent provisions read:

"The expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall allow such fees and compensation as seem just and reasonable." CL 1948, § 486.252g (Stat Ann 1955 Cum Supp § 22.1672[7]).

Does this authorize or require allowance of additional attorney and expert witness fees beyond those included in taxable costs?

In OAG, 1951–1952, p 382, the following appears:

"The language in section 2g, *supra,* does not specifically provide for the allowance of either witness or attorney fees for the condemnees. In the absence

of such express provision, I am of the opinion that
no more than taxable costs could be allowed the land-
owners."

In *In re Petition of Consumers Power Co.*, 335
Mich 360, this Court, in construing another statute
providing for awarding costs, held that the word
"costs" means taxable costs only and does not in-
clude extraordinary allowances by way of attorney
fees and nontaxable expenses. We mentioned, how-
ever, the section 2g here involved, but left unan-
swered the question whether the probate court is
authorized thereby to allow nontaxable expenses,
saying with respect to its pertinent language the
following (p 365):

"The order of the probate court directing the pay-
ment of attorney fees and witness fees was presuma-
bly based on the provision italicized in the quotation.
Whether such provision authorized the order is not
involved in the present controversy. As before
noted, Consumers Power Company made the pay-
ments specified."

Plaintiff cites a number of cases from other juris-
dictions holding that statutory authorization for
allowance of "fees," "costs," "expenses," et cetera,
in condemnation cases, does not include nontaxable
attorney or expert witness fees. These cases are:
*County of Los Angeles* v. *Marblehead Land Co.*, 95
Cal App 799 (273 P 138); *City of Los Angeles* v.
*Vickers*, 81 Cal App 737 (254 P 687); *Marshall Fish-
ing Company* v. *Hadley Falls Company*, 59 Mass 602;
*City of St. Louis* v. *Meintz*, 107 Mo 611 (18 SW 30);
*Tomten* v. *Thomas*, 125 Mont 159 (232 P2d 723, 26
ALR2d 1285); *In re Delaware, Lackawanna & West-
ern R. Co.* v. *Fengler*, 288 NY 141 (42 NE2d 6);
*In re Board of Water Supply of the City of New
York*, 158 App Div 116 (142 NYS 801), aff'd, 209
NY 572 (103 NE 1121). In all of these cases

the courts held, as do we (*Hester* and *Department of Conservation, supra*), that expert witness and attorney fees are allowable only when and in the amount provided by statute. With that background in mind, examination of the individual cases discloses that in the 2 *Los Angeles Cases* and the *St. Louis Case* the statutes involved provided for allowance of "costs." The courts held that by use of that term the legislature meant statutory costs and that these did not include attorney fees or expert witness fees because no statute had made express provision therefor. In *Tomten* the statute provided for allowance of "expenses of the proceeding;" the court held this to be synonymous with costs and that it meant statutory costs which do not include attorney fees. In the *Marshall Fishing Company Case* and the *Delaware Railroad Case* the statutes allowed expenses accruing under the condemnation proceedings. The court said that nothing in the statutes indicated a legislative intent to include attorney fees in such "expenses." In *Board of Water Supply* the statute permitted allowance of expenses and disbursements, including reasonable compensation for witnesses. The court said such language did not contemplate allowance of attorney fees inasmuch as there was no statute expressly designating attorney fees as an item of expense in such litigation. In sum, these cases hold simply that a statutory authorization for allowance of "costs" or "expenses" contemplates only taxable costs, which do not include the expenses of an attorney's service. We have held the same in *Petition of Consumers Power Co., supra; Cheever* v. *North,* 106 Mich 390 (37 LRA 561, 58 Am St Rep 499); *Brilliant* v. *Wayne Circuit Judges,* 110 Mich 68; *In re Quinn's Estate,* 179 Mich 61. Such holdings are not particularly helpful here in construing a statute which not only requires allowance of "the expense of the proceeding" but pro-

vides, further, that "as a part thereof the court shall allow such fees and compensation as seem just and reasonable." Such language can scarcely be said to have reference only to ordinary, statutory, taxable costs.

Turning from consideration of decisions of other States to a general exposition of Michigan law on the subject of allowance of attorney fees in condemnation cases, plaintiff sets forth in its brief a concise statement of what it believes that law to be. Because of its interesting analysis and our inability to condense it further with profit, we quote:

"The condemnation statutes of the State of Michigan may be divided into 3 general groups on the question involved in this appeal: those which make no provision for awarding attorney fees, those which provide for attorney fees but specifically limit their amount, and 1 statute which provides for a reasonable attorney fee to be fixed and determined by the court.

"Among those statutes in the first category and their appropriate sections are CL 1948, § 213.4 (Stat Ann § 8.4), condemnation by the State; CL 1948, § 123.120 (Stat Ann 1949 Rev § 5.2520), condemnation for municipal waterworks; CL 1948, § 105.26 (Stat Ann 1949 Rev § 5.1880), condemnation by cities of the fourth class; and CL 1948, § 224.16 (Stat Ann § 9.116), condemnation for county roads. Under these statutes, no attorney fees are awarded to respondents. *Hester* v. *Commissioner of Parks and Boulevards of the City of Detroit,* 84 Mich 450.

"Those statutes which may be classified in the second category and their respective sections are CL 1948, § 213.89 (Stat Ann § 8.61), condemnation by cities, villages and counties; CL 1948, § 213.132 (Stat Ann § 8.92), condemnation for water, light, heat, power or transportation in cities; CL 1948, § 281.24 (Stat Ann § 8.124), condemnation in regards to lake levels; CL 1948, § 213.190 (Stat Ann 1955 Cum Supp § 8.191), condemnation for highway purposes; and

CL 1948, § 213.37 (Stat Ann § 8.27), condemnation by State agencies and public corporations. Under these statutes attorney fees in excess of $25 are prohibited.

"The third category is the statute which gives the right of eminent domain to railroad, bridge or tunnel companies. The particular section involved is CL 1948, § 464.15 (Stat Ann § 22.218) which provides:

" 'Such company shall pay to the owners and others interested in the lands condemned, *in addition to the damages and compensation awarded by the commissioners or jury, a reasonable attorney fee,* (emphasis supplied) to be fixed and determined by the court when the report or verdict is confirmed, or as soon thereafter as may be, and the attorney fee, so allowed, together with witness fees and other costs and disbursements, to be taxed as in civil actions, shall be paid.'

"The appellee contends that the statute here under consideration belongs in the first group since if the legislature had so intended it would have provided in clear unmistakable language for allowance of attorney fees to the respondents."

Our difference with plaintiff's above analysis goes to its concluding sentence. We think that its section 2g places the statute here under consideration in the third rather than in the first group as contended by plaintiff. We think the legislature has, to use plaintiff's language, "provided in clear unmistakable language for allowance of attorney fees to the respondents." That clear, unmistakable language is "the court shall allow such fees and compensation as seem just and reasonable." There is no room in that language for the construction, adopted in the above out-of-state cases cited by plaintiff, that what the statute requires is something synonymous with costs, meaning statutory or taxable costs. The amount of such costs is fixed by statute. If no more was in-

tended here, there would have been no occasion for the use of the words "such fees and compensation as seem just and reasonable." Courts do not pass on the justness or reasonableness of taxable costs fixed in amount by statute. Having concluded, therefore, that something beyond taxable costs was intended by the legislature, what could it have contemplated in providing for fees which seem just and reasonable if not fees for attorneys and expert witnesses? What other such fees could there ordinarily be in a case?

Plaintiff points to the provisions of a 1957 amendment* to section 2g, not applicable to this case tried before its effective date, which changed the section so that it now reads, in part, "the court shall allow, in addition to taxable costs, additional attorney fees as may seem just and reasonable by the court for attendance at the hearing." Plaintiff says that to give some meaning to this amendment, it must be presumed that prior to its adoption the statute did not provide for allowing attorney fees and expert witness fees. In support of this theory plaintiff cites *Bonifas-Gorman Lumber Co.* v. *Unemployment Compensation Commission,* 313 Mich 363, as holding that it is a general rule of statutory construction that an amendment is to be construed, unless a different intent is manifest, as changing the statute amended. That is a rule for construction of the amendment when, as in *Bonifas,* the meaning of the statute before amendment is settled and the question presented is the meaning and effect to be given the amendment. The rule is not applied in reverse for the purpose of determining the meaning of the statute before amendment by presuming that it must have been something different than that which is the clear intent of the statute after amendment. And for good reason, especially when, as here, the statute before

---

* PA 1957, No 254.—REPORTER.

amendment, as plaintiff's brief points out, had been given varying interpretations by the probate and circuit courts of the State so that there was occasion for the legislature to enact a clarifying amendment. While in many and perhaps most instances it undoubtedly is the legislative intent, in enacting an amendment, to change existing law, there are, as undoubtedly, other instances, particularly if uncertainty exists as to the meaning of a statute, when amendments are adopted for the purpose of making plain what the legislative intent had been all along from the time of the statute's original enactment.

In entering the order here appealed from vacating the probate court order allowing the mentioned fees, the circuit judge made it plain that he did so reluctantly, feeling that he was impelled by precedent to effect what he considered an unjust result. In his written opinion he said:

"The court fervently hopes the petitioners [respondents?] in this case will appeal his decision and that it will be promptly and definitely reversed by the Supreme Court in which event the court will join a host of others in dancing in the streets."

Let him prepare to dance. The order of the circuit court is reversed, with costs to defendants.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.