CHARTER TOWNSHIP OF CANTON v KAUFMAN

Docket No. 77-4284. Submitted November 7, 1978, at Detroit.—Decided January 3, 1979. Leave to appeal applied for.

The Charter Township of Canton brought a condemnation action in an attempt to acquire property owned by Joseph Kaufman, Marvin Canvasser, Donald Canvasser, Robert Canvasser and Byron Canvasser, doing business as Canvasser Investment Company. The defendants challenged the condemnation, incurring considerable pretrial expense. Prior to trial the township filed a notice of discontinuance of the action, and the defendants moved for award of attorney and appraisal fees. The Wayne Circuit Court, Charles Kaufman, J., granted attorney fees in the amount of $7,548.25 and appraisal fees in the amount of $8,000. The township appeals the award of attorney fees. *Held:*

The award of attorney fees was improper. Attorney fees may be taxed and awarded only as authorized by statute or court rule, and the statute provides that in a condemnation case which is dismissed prior to impaneling of a jury attorney fees are authorized only up to a maximum of $25.

Reversed and remanded.

1. EMINENT DOMAIN—CONDEMNATION—COSTS—ATTORNEY FEES.

Attorney fees may not be taxed and awarded as costs in condemnation cases unless specifically authorized by statute or by court rule.

2. EMINENT DOMAIN—CONDEMNATION—ATTORNEY FEES—DISMISSAL OF ACTION—STATUTES.

Attorney fees in a condemnation case which is dismissed prior to impaneling of a jury are authorized only up to a maximum of $25 (MCL 213.37; MSA 8.27).

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Eminent Domain §§ 473, 476.
Attorney's fees as within statute imposing upon condemner liability for "expenses," "costs," and the like. 26 ALR2d 1295.
[2] 27 Am Jur 2d, Eminent Domain §§ 465, 467.
Liability upon abandonment of eminent domain proceedings, for loss or expenses incurred by property owner, or for interest on award or judgment. 92 ALR2d 355.

*Travis, Warren, Nayer & Burgoyne, P.C.* (by *John M. Roche),* for plaintiff.

*Felix S. Kubik,* for defendants.

Before: Allen, P.J., and R. M. Maher and J. E. Townsend,* JJ.

Per Curiam. Plaintiff brought this condemnation action against the defendants on June 15, 1973. Prior to trial the defendants incurred substantial legal expenses in challenging the authority of the plaintiff to acquire property through condemnation proceedings without a referendum of the people. Prior to trial the plaintiff filed a notice of discontinuance of the action. Defendants filed motions for attorney fees and appraisal preparation fees. The trial court awarded attorney fees in the amount of $7,548.25 and appraisal fees in the amount of $8,000. Plaintiff appeals, alleging that the award of attorney fees was improper.

It has long been the rule that attorney fees may not be taxed and awarded as costs in condemnation cases unless specifically authorized by statute or by court rule, *Hester v Commissioners of Parks and Boulevards of the City of Detroit,* 84 Mich 450; 47 NW 1097 (1891); *Detroit Edison Co v Janosz,* 350 Mich 606; 87 NW2d 126 (1957). In condemnation cases, except those dismissed after the jury is impaneled, attorney fees are authorized by MCL 213.37; MSA 8.27, only up to a maximum of $25.[1] No jury having been impaneled in this case, the award of attorney fees may not exceed $25.

Defendants contend that the rule regarding attorney fees in condemnation cases was abrogated

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Cases dismissed after a jury has been impaneled are governed by MCL 213.38; MSA 8.28, which authorizes reasonable attorney fees.

by the adoption of GCR 1963, 504.1(2), which confers upon the trial court the power to dismiss upon motion of the plaintiff upon such terms and conditions as it deems just and proper. While this rule may empower the court to tax costs as a condition of dismissal, it may still tax only those costs authorized by statute, GCR 1963, 526.1. Attorney fees are taxable only as authorized by statute, MCL 600.2405; MSA 27A.2405.

We are not unsympathetic to defendants' plight. They have gone to considerable expense preparing to defend an action which was dismissed over their objection, with no guarantee that they will not be subjected to a new proceeding with its attendant expense. However, we are bound by the statutes and court rules. In the case at bar, the applicable statute authorizes attorney fees up to a maximum of $25, MCL 213.37; MSA 8.27. The trial court erred in awarding a greater amount as attorney fees.

The award of attorney fees is reversed. We remand to the trial court for an award of attorney fees not to exceed $25. Plaintiff may tax its costs of appeal.