DAVIS v KOCH

Docket No. 49203. Submitted November 12, 1982, at Detroit.—Decided
    August 23, 1982.

Susan G. Davis, individually and as next friend of Charles M.
    Davis, a minor, and Charles L. Davis filed suit in Wayne
    Circuit Court against David Koch, D.O., and Garden City
    Osteopathic Hospital for alleged medical malpractice. Subse-
    quent to the trial being adjourned twice, the plaintiffs discov-
    ered that their proposed medical expert witness had been
    represented in a medical malpractice case by the counsel for
    defendant Koch. The circuit court denied a motion to adjourn
    made by the plaintiffs. On appeal, the Court of Appeals ordered
    that the trial be adjourned for 30 days. Thereafter, the plain-·
    tiffs named their proposed medical witnesses for the trial.
    Subsequently, the plaintiffs submitted a revised list of expert
    witnesses which included other doctors. The plaintiffs claimed
    that they had learned that one of the proposed expert witnesses
    had been indicted for fraud. The circuit court granted defen-
    dants' motion to bar the plaintiffs from introducing any medi-
    cal expert testimony at the trial because the plaintiffs had
    failed to make timely disclosure of their proposed medical
    expert witnesses. On appeal, the Court of Appeals ordered that
    the plaintiffs be allowed to use the testimony of one expert
    witness at trial but otherwise denied relief to the plaintiffs.
    Thereafter, the plaintiffs moved for a voluntary dismissal with-
    out prejudice. The court, Thomas J. Foley, J., indicated that
    plaintiffs could proceed immediately to trial or that he would
    grant a voluntary dismissal without prejudice to plaintiff Susan
    G. Davis in her capacity as next friend of Charles M. Davis, a
    minor, and a dismissal with prejudice to the claims of Susan G.
    Davis and Charles L. Davis in their individual capacities. The

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Costs §§ 73-75, 78-82.
    Validity of statute allowing attorneys' fees to successful claimant,
        but not to defendant, or vice versa. 73 ALR3d 515.
[2] 7 Am Jur 2d, Attorneys at Law § 264.
[3, 5] 20 Am Jur 2d, Costs § 18.
[4] 24 Am Jur 2d, Dismissed, Discontinuance, and Nonsuit §§ 48, 50.

plaintiffs were to pay the defendants' costs and attorney fees. The plaintiffs chose to accept the proffered conditions for voluntary dismissal. Subsequently, at a hearing in the circuit court, the plaintiffs claimed that the circuit judge had no power to order them to pay costs and attorney fees as a condition for a voluntary dismissal and the plaintiffs requested an evidentiary hearing on the reasonableness of the attorney fees claimed by the defendants. The court, Thomas J. Foley, J., granted a voluntary dismissal without prejudice to Susan G. Davis in her representative capacity provided that the plaintiffs pay the defendants' attorney fees. The plaintiffs appeal. *Held:*

Because the affidavits from which the trial judge determined the amount of defendants' attorney fees to be paid by the plaintiffs have not been preserved in the record and an evidentiary hearing, which was part of the conditions that the plaintiffs accepted, was never held, the Court of Appeals is not able to review the circuit judge's exercise of discretion. The case should be remanded to the circuit court for an evidentiary hearing to determine the amount of reasonable attorney fees. The Court of Appeals retains jurisdiction of the case.

Remanded.

ALLEN, J., concurred separately and would hold that the imposition of payment of costs and attorney fees as a condition of voluntary dismissal without prejudice is not prohibited or otherwise proscribed.

OPINION OF THE COURT

1. ATTORNEY AND CLIENT — ATTORNEY FEES.

Generally, attorney fees should not be recovered as costs or as damages unless expressly authorized by statute or court rule.

2. ATTORNEY AND CLIENT — ATTORNEY FEES — VOLUNTARY DISMISSAL.

An imposition of attorney fees as a condition for a voluntary dismissal of a lawsuit without prejudice is proper (GCR 1963, 504.1[2]).

3. COSTS — VOLUNTARY DISMISSAL.

A plaintiff who has once had an action dismissed in any court may properly be subject to an order of a court providing that the plaintiff pay costs of the action previously dismissed and staying the proceedings in the then current action until the plaintiff has complied with the order where the current action is based upon or includes the same claim against the same defendant (GCR 1963, 504.1[2]).

4. MOTIONS AND ORDERS — VOLUNTARY DISMISSAL.

    The granting or denial of a motion for voluntary dismissal
    without prejudice is within the sound discretion of the trial
    judge.

                    CONCURRENCE BY ALLEN, J.

5. COSTS — VOLUNTARY DISMISSAL.

    *A court's imposition of payment of costs and attorney fees as a
    condition of the voluntary dismissal without prejudice of a
    lawsuit is not prohibited or otherwise proscribed.*

*Sommers, Schwartz, Silver & Schwartz, P.C.,* for plaintiffs.

*Dice, Sweeney, Sullivan & Feikens, P.C.,* for defendant Koch.

*Sullivan, Ward & Bone,* for defendant hospital.

Before: M. F. CAVANAGH, P.J., and ALLEN and MACKENZIE, JJ.

MACKENZIE, J. Plaintiffs commenced this medical malpractice action against defendant Koch by a complaint filed August 14, 1974. By an order dated April 25, 1978, plaintiffs were permitted to amend their complaint and to add Garden City Osteopathic Hospital as a defendant. The order specified that reasonable requests for adjournment made by defendants would be granted. The case was scheduled for trial on August 23, 1978, but was apparently adjourned at the request of defendant hospital. The trial was then rescheduled for February 5, 1979, but was adjourned until July 12, 1979, upon the motion of defendant Koch.

Apparently plaintiffs discovered shortly before the scheduled trial date that their proposed medical expert witness, Dr. Mariona, had been represented in a medical malpractice case by counsel for defendant Koch. Plaintiffs' motion for adjourn-

ment was denied, plaintiffs appealed, and this
Court ordered that the trial be adjourned for 30
days in an order dated July 11, 1979. By agree-
ment of counsel, trial was scheduled for August 28,
1979.

Meanwhile, on July 9, 1979, plaintiffs named Dr.
Mariona and Dr. Jacobs as their proposed medical
expert witnesses for trial. However, on July 12,
1979, plaintiffs submitted a revised list of expert
witnesses which included Dr. Jacobs and two other
doctors. Plaintiffs explain that they had learned
that Dr. Jacobs had been indicted for fraud. Defen-
dants moved to bar plaintiffs from introducing any
medical expert testimony at the trial on the
ground that plaintiffs had failed to make timely
disclosure of their proposed medical expert wit-
nesses. This motion was granted, and plaintiffs
appealed again. By an order dated August 7, 1979,
this Court allowed plaintiffs to use the testimony
of Dr. Jacobs at trial but otherwise denied relief to
the plaintiffs.

Plaintiffs then moved for a voluntary dismissal
without prejudice pursuant to GCR 1963, 504.1(2).
At a hearing held on August 28, 1979, the sched-
uled date for the trial, plaintiffs were given a
choice between proceeding immediately to trial
and accepting a dismissal on certain conditions.
The circuit judge indicated that he would grant a
voluntary dismissal without prejudice to plaintiff
Susan G. Davis in her capacity as next friend of
Charles M. Davis, a minor. The claims of Susan G.
Davis and Charles L. Davis in their individual
capacities were to be dismissed with prejudice and
plaintiffs were to pay defendants' costs and attor-
ney fees. An evidentiary hearing was to be held to
determine the amount of the attorney fees. Plain-
tiffs chose to accept the proffered conditions for
voluntary dismissal.

At a hearing held on December 21, 1979, plaintiffs objected claiming that the circuit judge had no power to order them to pay costs and attorney fees as a condition for a voluntary dismissal. Plaintiffs also requested an evidentiary hearing on the reasonableness of the attorney fees claimed by defendants. Defendants had apparently filed affidavits indicating that defendant Koch's attorney fees amounted to $11,192.85 and that defendant hospital's attorney fees amounted to $3,186.80; however, those affidavits do not appear in the record. The circuit judge entered an order granting a voluntary dismissal without prejudice to Susan G. Davis in her representative capacity, provided that plaintiffs paid the foregoing attorney fees.

GCR 1963, 504.1(2) provides:

"Except as provided in sub-rule 504.1(1), an action shall not be dismissed at the plaintiff's instance unless by order of court upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the court shall not order the action dismissed over the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal by order of court under this paragraph is without prejudice."

Plaintiffs argue that the trial judge was without power to impose payment of attorney fees as a condition of voluntary dismissal without prejudice. Plaintiffs rely on *Canton Twp v Kaufman,* 87 Mich App 719, 720-721; 276 NW2d 505 (1979), a condemnation action in which this Court disapproved such a condition:

"It has long been the rule that attorney fees may not be taxed and awarded as costs in condemnation cases

unless specifically authorized by statute or by court rule, *Hester v Comm'rs of Parks & Boulevards of Detroit,* 84 Mich 450; 47 NW 1097 (1891), *Detroit Edison Co v Janosz,* 350 Mich 606; 87 NW2d 126 (1957). In condemnation cases, except those dismissed after the jury is impaneled, attorney fees are authorized by MCL 213.37; MSA 8.27, only up to a maximum of $25. No jury having been impaneled in this case, the award of attorney fees may not exceed $25.

"Defendants contend that the rule regarding attorney fees in condemnation cases was abrogated by the adoption of GCR 1963, 504.1(2), which confers upon the trial court the power to dismiss upon motion of the plaintiff upon such terms and conditions as it deems just and proper. While this rule may empower the court to tax those costs as a condition of dismissal, it may still tax only those costs authorized by statute, GCR 1963, 526.1. Attorney fees are taxable only as authorized by statute, MCL 600.2405; MSA 27A.2405." (Footnote omitted.)

The *Canton Twp* case does not appear to us to have been correctly decided and, accordingly, we decline to follow it. Generally, attorney fees may not be recovered as costs or as damages unless expressly authorized by statute or court rule. *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74; 212 NW2d 821 (1973), *Salvador v Connor,* 87 Mich App 664, 672; 276 NW2d 458 (1978). The language utilized in the rule here, "such terms and conditions as the court deems proper", does not expressly mention attorney fees. However, attorney fees were not awarded as costs or damages here; payment of attorney fees was imposed as a condition for the privilege of obtaining a voluntary dismissal without prejudice. Moreover, GCR 1963, 504.1(2) is based on FRCP 41(a)(2). *African Methodist Episcopal Church v Shoulders,* 38 Mich App 210, 212, fn 1; 196 NW2d 16 (1972). Identical language in the federal rule has been construed as authorizing imposition of payment of

attorney fees as a condition for a voluntary dismissal without prejudice. *American Cyanamide Co v McGhee,* 317 F2d 295 (CA 5, 1963), *Yoffe v Keller Industries,* 580 F2d 126 (CA 5, 1978), *cert den* 440 US 915; 99 S Ct 1231; 59 L Ed 2d 464 (1979), *Gold v George T Moore Sons,* 3 FRD 201 (SD NY, 1943), *Lunn v United Aircraft Corp,* 26 FRD 12 (D Del, 1960), *Meltzer v National Airlines,* 31 FRD 47 (ED Pa, 1962). In view of this federal authority, we believe our Supreme Court intended, when it promulgated the rule, to allow imposition of payment of attorney fees.

Plaintiffs also rely upon GCR 1963, 504.4, which provides:

> "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

This subrule does not by its terms require that costs be awarded only upon reinstatement of a dismissed action, but, rather, allows the circuit judge to order payment of costs where such payment has not been previously made pursuant to GCR 1963, 504.1(1) or pursuant to an order under GCR 1963, 504.1(2).

Granting or denial of a motion for voluntary dismissal without prejudice is within the sound discretion of the circuit judge. *African Methodist Episcopal Church, supra,* 212. Plaintiffs argue that the imposition of payment of costs and attorney fees as a condition of such dismissal was an abuse of discretion. In view of the age of the case and the share of the responsibility for delay which the

record shows that plaintiffs bear, we cannot say that requiring plaintiffs to pay costs and reasonable attorney fees incurred by defendants necessarily amounted to an abuse of discretion. However, the affidavits from which the circuit judge determined the amount of the attorney fees have not been preserved in the record, and the evidentiary hearing, which was part of the conditions that plaintiffs originally accepted, was never held. Under these circumstances, we are unable to review the circuit judge's exercise of discretion. We, therefore, remand the cause for an evidentiary hearing, at which time the amount of defendants' reasonable attorney fees shall be determined. We retain jurisdiction.

M. F. Cavanagh, P.J., concurred.

Allen, J. *(concurring)*. I agree that the imposition of payment of costs and attorney fees as a condition of voluntary dismissal without prejudice is not prohibited or otherwise proscribed. However, I cannot agree that *Canton Twp v Kaufman,* 87 Mich App 719; 276 NW2d 505 (1979), was wrongly decided. That case, a condemnation action, is clearly distinguishable by a specific statute limiting the amount of attorney fees to $25 in condemnation suits brought by public corporations. MCL 213.37; MSA 8.27. No similar statutory restriction appears in malpractice actions. Thus, I find it quite unnecessary to conclude that *Canton Twp* was not correctly decided. I further agree that this matter should be remanded for an evidentiary hearing before we can conclude that the amount of attorney fees was reasonable. Not all of the delays in trial were at the request of plaintiffs, and through no fault of plaintiffs did Dr. Mariona and Dr. Jacobs become unusuable witnesses.