**In re Daniel & Michelle OSWALT, Debtors.**

**Citicorp Trust Bank, a Delaware corporation, Appellant,**

v.

**Marcia R. Meoli, Chapter 7 Trustee, Appellee.**

No. 1:04–CV–317.

United States District Court, W.D. Michigan, Southern Division.

Dec. 15, 2004.

---

John C. Arndts, Dykema Gossett PLLC, Sarah E. Heineman, Dykema Gossett PLLC, Grand Rapids, MI, for appellant.

Marcia Meoli, Hann Persinger P.C., Holland, MI, Chapter 7 Trustee.

## *OPINION*

ROBERT HOLMES BELL, Chief Judge.

This matter is before the Court on appeal by Citicorp Trust Bank ("Citicorp"). Citicorp appeals the April 19, 2004 order of the Bankruptcy Court denying Citicorp's motion for summary judgment and holding that the July 14, 2003 amendment to the Mobile Home Commission Act, MICH. COMP. LAWS § 125.2301–.2350 ("MHCA"), was a "new law" that did not apply retroactively to a bankruptcy case filed before the bill went into effect. For the reasons that follow, the order of the Bankruptcy Court is reversed.

## I.

Daniel and Michelle Oswalt ("Debtors") owned a mobile home and real property located in Constantine, Michigan. The mobile home was affixed to the real property. The Debtors granted a mortgage on the property to Citicorp on December 3, 2001. Thereafter, on December 19, 2001, Citicorp properly recorded the mortgage with the St. Joseph County Register of Deeds. On April 11, 2003, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On September 11, 2003, the Trustee filed a complaint against Citicorp to avoid Citicorp's security interest in the mobile home claiming that it was not properly perfected under Michigan law. Thereafter, Citicorp filed a motion for summary judgment arguing that Citicorp's security interest in the mobile home was properly perfected based upon the July 14, 2003 amendment

to the MHCA. Citicorp asserted that the amendment clarified the Michigan Legislature's intent in enacting the MHCA. On April 19, 2004, the Bankruptcy Court denied Citicorp's motion for summary judgment.

The perfection of a security interest in a mobile home has recently become a contentious subject in Michigan due to a series of judicial opinions culminating in a Sixth Circuit Court of Appeals decision in *In re Kroskie,* 315 F.3d 644 (6th Cir.2003). In *In re Kroskie,* the court of appeals held that the Michigan Legislature intended that the MHCA provide the exclusive method of perfecting a security interest in a mobile home. 315 F.3d at 648. Prior to the *Kroskie* decision, many creditors in Michigan perfected their security interests in affixed mobile homes through the filing of a mortgage on that real estate. As a result of *In re Kroskie,* a mortgage lender's security interest in an affixed mobile home that was recorded with a mortgage on the real property was not enforceable against other creditors who filed with the Mobile Home Commission. Accordingly, lenders discontinued making mortgage loans for affixed mobile homes, forcing borrowers to apply for higher-interest rate personal property loans. After *In re Kroskie,* the Michigan Legislature acted promptly. The Legislature amended the MHCA adding MICH. COMP. LAWS § 125.2330i. The Legislature also included a statement of its intent in the enacting section of the statute:

> It is the intent of this legislature that a security interest or lien on a mobile home affixed to real property may be perfected in the manner provided under law for perfecting a lien on real property, and not exclusively by a notation of the security interest on the certificate of title.

Enacting Section 1, Public Act No. 44, S.B. 425 (2003). The amendment also provided a procedure in which the owner of an affixed mobile home could cancel the certificate of title for the home. MICH. COMP. LAWS § 125.2330i (2003). Citicorp contends that this amendment was intended to clarify the Michigan Legislature's intent that a security interest in a mobile home affixed to real property perfected in accordance with real property law is valid and enforceable. The Trustee asserts that MICH. COMP. LAWS § 125.2330i is a new law that does not apply retroactively to this case.

## II.

■ Before the Court is Citicorp's appeal of the April 19, 2004 order of the Bankruptcy Court denying Citicorp's motion for summary judgment. Pursuant to 28 U.S.C. § 158(a)(3) granting district courts jurisdiction to hear appeals from interlocutory orders and decrees of the bankruptcy courts, this Court granted Citicorp's motion for leave to appeal because the case involved controlling legal issues regarding the MHCA. *See* June 4, 2004 Order (Docket # 7). On appeal, the Court reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo. See* BANKRUPTCY RULE 8013; *In re Baker & Getty Financial Services, Inc.,* 106 F.3d 1255, 1259 (6th Cir.1997).

## III.

The Bankruptcy Court below determined that at the time of the filing of the bankruptcy petition the amendment to the MHCA had not been enacted, therefore, *In re Kroskie* was the controlling authority regarding the rights of the debtor and creditors. Further, the Bankruptcy Court held the amendment was not simply a clarification of intent but was in fact a new law that could not be given retroactive effect. The Bankruptcy Court relied upon the language in the preamble of the amendment, "The People of the State of Michigan *enact.*" Public Act No. 44, S.B. 425 (2003) (emphasis added). The Bankruptcy Court reasoned that if this had been a clarification of the MHCA, there would have been no need to "enact" a new law. Further, the Bankruptcy Court noted that the bill clearly stated, "This act is ordered to take immediate effect." Based upon this, the Bankruptcy Court reasoned that the Legislature intended that the amendment was not retroactive, and therefore denied Citicorp's motion for summary judgment.

■ The Bankruptcy Court places too much emphasis upon the preamble to the amendment. The Bankruptcy Court held that the use of the word "enact" demonstrates that MICH. COMP. LAWS § 125.2330i is a new law and not simply a clarification, reasoning that if it was only a clarification it would not have been necessary to enact another law. This places an undue emphasis upon the word "enact." The only way in which a legislature can act is through the enactment of legislation. The fact that the word "enact" is used in the preamble is a formality and is not determinative of whether the Legislature was passing a new statute or clarifying its original intent.

■ Further, the Bankruptcy Court and the Trustee misconstrue this case as one involving the retroactive effect of MICH. COMP. LAWS § 125.2330i. This case involves a situation where the Legislature has clarified their original intent in enacting the MHCA in light of a controversy that arose regarding the statute, it does not involve the retroactive application of a new statute. Indeed, were that the issue it could be easily dispensed with by noting that the statutory language does not have any language mandating retroactive application and specifically states that the act is to

take immediate effect. *See Selk v. Detroit Plastic Prod.*, 419 Mich. 1, 9, 345 N.W.2d 184, 187–88 (1984) ("Amendments of statutes are generally presumed to operate prospectively unless the Legislature clearly manifests a contrary intent."). In addition to the Legislature's statement that the act take immediate effect, the legislative history contains a statement of the Legislature's intent regarding the perfection of a security interest in an affixed mobile home that leads this Court to view MICH. COMP. LAWS § 125.2330i as a clarification of the original intent regarding the MHCA. *See* Enacting Section 1 of Public Act No. 44, S.B. 425 (2003).

■ The Michigan Supreme Court has held that an amendment to a statute may be a clarification of the Legislature's original intent rather than the enactment of an entirely new law, particularly when uncertainty exists as to the meaning of a statute. *Prod. Credit Ass'n of Lansing v. State, Dept. of Treasury, Revenue Div.*, 404 Mich. 301, 273 N.W.2d 10 (Mich.1978); *Detroit Edison Co. v. Janosz*, 350 Mich. 606, 613–14, 87 N.W.2d 126, 130 (Mich.1957); *see also People v. Berg*, 85 Mich.App. 639, 644–45, 272 N.W.2d 167, 169–70 (Mich.Ct. App.1978) ("[a]n amendment made soon after controversies arise in regard to a statute can be taken as a legislative interpretation of the original act rather than a substantial change of it.") (citing *Harper v. Progressive Casualty Co.*, 79 Mich.App. 764, 768, 263 N.W.2d 1, 3 (Mich.Ct.App. 1977)).

In holding that MICH. COMP. LAWS § 125.2330i was not retroactive, the Bankruptcy Court appears to have overlooked the line of cases that establish that the Legislature can clarify its intent through the enactment of an amendment. The Trustee argues that the cases interpreting an amendment as a clarification of intent are not applicable to the present case.

The Trustee principally relies upon *Harper*, 79 Mich.App. 764, 263 N.W.2d 1. In *Harper*, the court of appeals construed an amendment to the Michigan No–Fault Act as a clarification of the Legislature's intent regarding work loss benefits for a temporarily unemployed plaintiff. 79 Mich.App. at 768–69, 263 N.W.2d at 3. In determining that the amendment clarified the Legislature's original intent in the No–Fault Act, the court of appeals looked at the legislative analysis that accompanied the amendment to the statute. *Id.* at 767, 263 N.W.2d at 2. The court also placed great weight on the fact that when questions arose regarding the exclusion from coverage of temporarily unemployed parties, the Legislature acted quickly in passing the amendment resolving the issue. *Id.* The Trustee contends that the Court must undertake the same type of review of the legislative analysis in this case, as engaged in by the court in *Harper* to determine the legislative intent of MICH. COMP. LAWS § 125.2330i. Further, the Trustee argues that such a review leads to the conclusion that MICH. COMP. LAWS § 125.2330i is not a clarification but is a new law that does not apply to this case.

While the Court agrees with the Trustee on the proper analysis for determining the Legislature's intent, it does not agree with the Trustee's conclusion regarding the legislative analysis of MICH. COMP. LAWS § 125.2330i. Determining the Legislature's intent is always a difficult task. *See, e.g. People v. Robideau*, 419 Mich. 458, 486–87, 355 N.W.2d 592, 604 (Mich. 1984) (noting the difficulty in determining legislative intent). In this case, however, the Court is aided in determining the Legislature's intent by the statement in the enacting section of the amendment. The enacting section of MICH. COMP. LAWS § 125.2330i plainly sets forth the Legislature's intent, "that a security interest or

lien on a mobile home affixed to real property may be perfected in the manner provided under law for perfecting a lien on real property, and not exclusively by a notation of the security interest or lien on the certificate of title." Enacting Section 1, Public Act No. 44, S.B. 425 (2003). The Legislature's intent is unambiguously spelled out in this section: a security interest in a mobile home affixed to real property, perfected under the real property law, is a valid method of perfection under the MHCA.

Moreover, the legislative analysis accompanying MICH. COMP. LAWS § 125.2330i confirms the Legislature's intent. The legislative analysis specifically addresses the problem created by the Sixth Circuit's interpretation of the MHCA, "[s]ince 1979 ... [a] creditor's security interest in an affixed mobile home was asserted through the filing of a mortgage on that real estate. As a result of the U.S. Sixth Circuit Court's [*Kroskie*] decision, however, this practice changed dramatically." Third Analysis of Senate Bill 425, 92nd Leg. Regular Session (Mich.2003). Further, the Legislature clearly states the intent of the amendment in their conclusion, "[t]he bill *reinstates* the financing practices that existed in Michigan before the [*Kroskie*] decision." *Id.* The use of the word "reinstates" in the analysis illustrates that the Legislature intended to return to the financing practices in effect pre-*Kroskie,* not enact a new procedure for perfecting mortgages in affixed mobile homes.

The Trustee acknowledges that the Legislature identified the problem created by *Kroskie* in their analysis of the bill, but contends that in order to solve the problem the Legislature drafted a specific procedure, not existing prior to the passage of MICH. COMP. LAWS § 125.2330i, that allowed those who complied with it to perfect liens in mobile homes by merely recording mortgages. As such, the Trustee contends that MICH. COMP. LAWS § 125.2330i was not a clarification of intent but was a new solution to the problem that had arisen and therefore does not apply to this case.

■ The Court does not agree with this characterization and the changes in the amendment, from the proposed legislation to the statute as enacted, demonstrate that the Trustee's position is incorrect. In effect, the passage of MICH. COMP. LAWS § 125.2330i accomplished two things: (1) it clarified the Legislature's intent regarding a creditor's security interest under the MHCA; and (2) it created an optional procedure by which the owner of an affixed mobile home could cancel the certificate of title for the home and treat it as part of the real property. In a previous version of the bill, the statutory language required the owner's compliance with the procedure set out in § 125.2330i in order to treat the mobile home as part of the real property. *See* S.B. 425, 92nd Leg., Regular Session (Mich.2003) (as passed by the Senate May 14, 2003) ("If a mobile home is affixed to real property ... the owner *shall* deliver both of the following to the department ....") (emphasis added). The version of the bill actually enacted, however, changed the language to, "[i]f a mobile home is affixed to real property in which the owner of the mobile home has the ownership interest, the owner *may* deliver all of the following to the department ...." MICH. COMP. LAWS 125.2330i (2003) (emphasis added). Changing the statutory language from a required procedure to a permissive procedure is not insignificant. *See Nation v. W.D.E. Elec. Co.,* 454 Mich. 489, 497 n. 12, 563 N.W.2d 233, 237, n. 12 (Mich.1997) ("We are aided in discovering legislative intent in enacting any statute by examining the proposed legislation it considered and rejected, contrasted with the provisions as finally

adopted.") (quoting *Miller v. State Farm Mut. Auto. Ins. Co.*, 410 Mich. 538, 566, 302 N.W.2d 537, 545 (Mich.1981)). When this change is coupled with the addition of the enacting section, it is clear that the Legislature intended that perfection by a creditor under real property law be permissible and effective regardless of whether the owner complied with the procedure set forth in MICH. COMP. LAWS § 125.2330i.

■ If the Legislature intended that perfection under real property law was allowed only if the owner elected to use the certificate of title canceling procedure, it would have either left the mandatory language of the amendment unchanged or included such language in the enacting section. In light of the fact that the Michigan Legislature acted promptly after the Sixth Circuit decision altering the MHCA, the expressions of the Legislature's intent in the bill analysis and enacting section, as well as the removal of the mandatory language from the amendment, it is clear to this Court that the Legislature intended MICH. COMP. LAWS § 125.2330i to be a clarification of the MHCA returning the statute to the allowance of perfection of a security interest in an affixed mobile home under real property law. Consequently, Citicorp was properly perfected in the Debtor's mobile home because they had recorded a mortgage covering the real property and the mobile home in accordance with the real property laws of Michigan.

The Court also notes that the Trustee is not an innocent, unknowing victim who is surprised to find out that Citicorp has an interest in the Debtor's affixed mobile home. Citicorp properly recorded its mortgage in the local county register of deeds giving notice to the world of their interest in the real estate and the affixed mobile home. When the Trustee was assembling the assets of the Debtor's bankruptcy estate, she could have easily discovered Citicorp's interest in both the real property and the affixed mobile home. As the Legislature made clear in MICH. COMP. LAWS § 125.2330i, Citicorp's actions were consistent with the public policy of Michigan regarding mobile homes affixed to real property and they were not at variance with the MHCA.

IV.

Accordingly, the April 19, 2004 order of the Bankruptcy Court is reversed. MICH. COMP. LAWS § 125.2330i clarified the Legislature's intent in enacting the MHCA and clearly stated that perfection of a security interest in a mobile home affixed to real property pursuant to real property law was permitted under the statute. Citicorp was properly perfected in the mobile home and they are entitled to summary judgment against the Trustee. An order will be entered consistent with this opinion.

***ORDER***

This matter is before the Court on appeal from the Bankruptcy Court. Citicorp Trust Bank appeals the April 19, 2004 order of the Bankruptcy Court denying their motion for summary judgment. In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that the April 19, 2004 order of the Bankruptcy Court denying Citicorp's motion for summary judgment is **REVERSED** and the case is **REMANDED** to the Bankruptcy Court for further proceedings in accordance with this opinion.