*In re* KENT COUNTY AIRPORT.

COUNTY OF KENT *v.* RYAN.

1. EMINENT DOMAIN—EXPENSES—REASONABLE ATTORNEY FEES.
   Eminent domain provision of the Constitution and implementing statutory provision relative to discontinuance after a jury has been impaneled that the condemner shall "pay the actual expenses and reasonable attorney fees of all parties in interest" evince a clear intent that the property owner shall not be made to suffer for an extraordinary proceeding which he did not initiate (Const 1908, art 5, § 1; CL 1948, § 213.38).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Eminent Domain §§ 371, 379.
 Attorney's fees as within statute imposing upon condemner liability for "expenses," "costs," and the like. 26 ALR2d 1295.
[2] 18 Am Jur, Eminent Domain § 379.
[3, 4] 18 Am Jur, Eminent Domain §§ 371, 379.
[5] 18 Am Jur, Eminent Domain §§ 371, 379.
 Amount of attorney's compensation in absence of contract or statute fixing amount. 56 ALR2d 13.

2. SAME—ATTORNEY FEES—REVIEW BY CERTIORARI.

    The review of the matter of attorney fees in condemnation proceedings was properly sought by way of petition to the Supreme Court, which is treated as a petition for certiorari, notwithstanding the question of attorney fees would not ordinarily be appealable (CL 1948, § 213.38; Court Rule No 72, § 1 [1945]).

3. SAME—ATTORNEY FEES—EVIDENCE.

    A court in a condemnation proceeding wherein determination as to what is a reasonable attorney fee for the attorney for the property owner should inquire into the services actually rendered before approving a bill, and although the rendition of a bill for a certain amount, or testimony that the bill is reasonable and had been agreed to by the client is not controlling, such facts should be considered by the trial judge together with others which may be presented to, or developed by, him upon examination (CL 1948, § 213.38).

4. SAME—ATTORNEY FEES—PREPARATION FOR TRIAL.

    Reasonable attorney fees should be awarded for work done in preparation for trial of a condemnation proceeding, once such a proceeding has been instituted, although attorney fees for work done prior to the actual initiation of proceedings should not be included in the award (CL 1948, § 213.38).

5. SAME—ATTORNEY FEES—EVIDENCE.

    Fee of $2,721.04, as bill for attorney fees and secretarial services for property owner in condemnation proceeding in which only the question of necessity was involved *held*, reasonable under evidence presented on review of order of trial court allowing $1,000, no allowance being made for attorney services performed prior to the institution of the condemnation proceeding (CL 1948, § 213.38).

Appeal from Kent; Vander Wal (John H.), J. Submitted October 2, 1962. (Docket No. 11, Calendar No. 49, 430.) Decided December 31, 1962.

In the matter of proceedings for condemnation of private property in Cascade and Paris townships for Kent County Airport, allowance made in part of attorney fees for Irene Glanville Ryan and Wesley Cook, by his guardian Rosemary Scott, defendants,

who appeal. Reversed with fees determined reasonable and allowed.

*Amberg, Law & Fallon (Robert W. Richardson,* of counsel), for plaintiff petitioner County of Kent.

*Rosemary Scott,* for defendants.

ADAMS, J. This case involves 2 questions: (1) May an appeal be taken to this Court from a decision of the circuit judge awarding attorney fees in a condemnation matter under CL 1948, § 213.38 (Stat Ann § 8.28), and (2) If an appeal may be taken, was the award of attorney fees in this case a reasonable one?

Appellee cites *Detroit & T. S. L. R. Co.* v. *Hall* (1903), 133 Mich 302; *Boyne City, G. & A. R. Co.* v. *Anderson* (1906), 146 Mich 328; (8 LRA NS 306, 117 Am St Rep 642, 10 Ann Cas 283); and *Chicago, D. & C. G. T. J. R. Co.* v. *Simons* (1920), 210 Mich 418, in support of the proposition that inasmuch as there is no specific provision in the statutes for an appeal from a decision of the court with regard to attorney fees, such decisions are not appealable. The cited cases so hold, yet are not controlling of this Court's constitutional power to review by certiorari or to interpose its judgment, as now done in this case, since advent of 1931 Court Rule No 79 (now Court Rule No 72 [1945]).

The facts of this case are as follows: Condemnation proceedings were begun against appellants' property on January 16, 1961. They arose out of studies begun by the Kent county aeronautics board in 1957 and approved by the board of supervisors of Kent county in 1959 and 1960. From November 1, 1960, to March 24, 1961, efforts were made to purchase the property of appellants. Attorney Rosemary Scott's legal services for appellants began

on November 23, 1960. The trial commenced March 16, 1961. It continued from March 20 to March 24, 1961, when the proceedings were discontinued. It was stipulated that the matter of costs and attorney fees would be presented to the court. At the hearing, the court found as follows:

"Now, I think this,   *   *   *   that a $150 a day is a fair compensation for being in·court. And if as I figure, I think maybe March 9th was a little longer than a half day, she has 3–1/2 hours, and also on March 16th, we can make·that up on Friday. I would like to figure and I am going to figure 6 full days in court. That is 5 days during that week of the trial, even though we weren't long on Friday, and also 2 half days, makes 6 days, $150 a day, $900. I am going to award her an additional hundred dollars for acting in the capacity of guardian *ad litem*. I am going to allow that in reasonable attorney fees. I am going to issue your charges of $526.19 and $1,000 attorney fee, reasonable attorney fee."

A rehearing was asked for and granted. Upon the rehearing, the testimony was taken of Robert S. Tubbs, an attorney of 36 years practice, with considerable experience in the matter of minimum fee schedules and of condemnation cases. Mr. Tubbs stated that in his experience it usually takes 2 times as much of an attorney's time to prepare for a condemnation case as it does to try it; that a charge of $20 to $25 per hour would be reasonable for out-of-court work; and that, with the court's prior allowance of $900 for trial time, a total charge of $2,700 would be reasonable. He further stated that it would definitely be necessary for appellants to have attorney services in a matter such as was involved in this case.

In the course of the argument on the motion for rehearing, Mr. Richardson, attorney for petitioner,

stated "I did want to make the point as far as the hours Miss Scott put on this project, requiring no proof as to that. We accept her itemization as accurate."

Irene G. Ryan, one of the property owners, testified that Miss Scott had been her attorney for approximately 13 years, that she understood that she would be billed for time spent apart from court at $20 an hour and time in court at $25 an hour, and that the arrangement for attorney fees was not contingent. At this time in the questioning of Mrs. Ryan, the following occurred:

"*Q.* At all times, then, it was understood whatever time at those rates was charged would be paid by you and from your uncle's estate?

"*A.* Yes.

"*The Court:* Well there is no need for an attorney fee. That answers all the questions.

"*Miss Scott:* No, I don't think so.

"*The Court:* She is liable. You don't pay twice, do you?"

At the close of the rehearing, the following took place:

"*The Court:* The Court has granted a rehearing in this matter and I didn't want to go into specifics. Now counsel has brought it up. I want to call counsel's attention to a few matters and consideration what is reasonable and unreasonable. For instance, in your bill to Mrs. Ryan, under date of March 17, 1961, you have here, and your arrangement is $20 an hour. You have here an item, prepare appearance and answer $150. That is 7-1/2 hours. Twenty times 5 would be 100 and then 7-1/2 hours. And in that 7-1/2 hours you prepared an appearance that takes 2 lines and you prepared an answer that takes 2 pages in 7-1/2 hours. Now if the answer required a lot of research, not only the typing of the answer,

if it required a lot of research and a technical answer, you could say you might consume a couple of hours, but when you type out 2 pages and deny everything, you can't tell the court that took you 7–1/2 hours. That just shows the unreasonableness of this bill.

"*Miss Scott:* Well, may I —

"*The Court:* Don't interrupt me.

"*Miss Scott:* I won't sir.

"*The Court:* I can conceive of people having a telephone conference. When you have a telephone conference of $40, that is 2 hours over the telephone. I don't know whether anybody ever talked 2 hours at 1 time on the telephone. I have never been able to. So that is just going into a few of the specifics that were set forth in this bill. Now we have here 'picking jury.' That is part of the court time that I allowed. Pretrial hearing, 3–1/2 hours in court. That was part of court time, part of the 5–1/2 days or 5 days that I allowed. And then phone calls to Mr. Zandstra, one of the appraisers, on 1 occasion $30. You consider that an hour and a half. I am just wondering what reasonableness or unreasonableness is in this case.

"Now it developed very clearly and the court asked to have the answer read twice where a proposition was made that Mrs. Ryan was indebted to you on the basis of $20 an hour for time spent out of court and $25 an hour for time spent in court no matter how the case came out. You had that understanding with her. She is now indebted to you under whatever arrangement you made. She consented to it in open court and if I was going to carry it out far enough, I could say we will allow a small attorney fee here because Mrs. Ryan hired you on a definite basis before the case was tried and before you got even into litigation and you had a definite arrangement and she is indebted to you in that amount. But I appreciate the county brought Mrs. Ryan into this matter. However, all of the time that was taken in court was on the question of necessity. The hearing never

reached the point where it got into valuation, either of your clients' or anybody else's property. We were still on the question of necessity, and you took part in that the same as the other attorneys and I am not punishing you for it. That was your right and privilege. Now the county has to come around and pay for it and they should pay for it, but I come back again to the original statute that says the county should pay a reasonable attorney fee.

"Now that appears in several statutes. It appears in a divorce case. Now I know and every practicing lawyer knows—who has any practice in domestic relations knows—that in the ordinary mine-run divorce case you never get your money out of it. It is a poor paying proposition because you spend more time in the ordinary divorce case where there is no money and the statute says the court shall allow a reasonable attorney fee. And what have they allowed in this county for several years? Well, it jumped up from 35 to 50 to 75 and then 100 and is now 100. In Wayne county where I served for a while this spring it is a 125 which they consider a reasonable attorney fee, and certainly it doesn't begin to pay half. In this particular statute the statute doesn't say it must pay all of the attorney fees. It says it pays a reasonable attorney fee like it does in all these other statutes. I thought and Mr. Tubbs says $150 a day in court and Miss Scott has taken the conclusion that I allow just for matters in court, which I stated you have so many in court, but I distinguish because if you take $25 an hour in court you couldn't begin to get a figure then anything higher than, I would say about $700, and I stretched it out on a 5-day basis, came out to a certain figure, but if I have to reconsider it and figure it out by the hour, I can say all right I am going to allow you $700 for the time you were in court on the basis of $25 an hour and I will allow you $300 for preparation which is half of the bill you submitted to Mrs. Ryan, including $150 for typing out an appearance and a perfunctory answer,

2 pages, which cover 7–1/2 hours.  So I thought I was very generous, and I still think I am of the same opinion.  The statute says we don't have to pay all attorney fees.  The statute says we pay a reasonable attorney fee, and I think the attorney fee allowed by the court is a reasonable attorney fee.  I am going to allow the attorney fee I held before in spite of the testimony Mrs. Ryan gave.  *I won't go back on my opinion.*"  (Emphasis supplied.)

The judge did not elect to examine Miss Scott with regard to her work.  Without such examination, he attacked from the bench the charges which she had made and when she attempted an explanation, she was refused such an opportunity by the court.

The Constitution of the State of Michigan (1908), art 13, § 1, provides:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

CL 1948, § 213.38 (Stat Ann 1958 Rev § 8.28), provides:

"Sec. 18.   The petitioning corporation or State agency shall not have power to discontinue the proceedings under this act after the confirmation of the verdict of the jury:   Provided, That in the case of the discontinuance of proceedings after a jury has been impaneled, the petitioning corporation or State agency, as the case may be, shall as a condition to the right to discontinue such proceedings pay the actual expenses and reasonable attorneys fees of all parties in interest who have appeared in said proceedings, under the order of the court."

It is the clear intent of the eminent domain provision of the Constitution and of the above statutory

provision to protect a property owner and save him whole in condemnation proceedings which are instituted against his property and which he must defend at his peril. The words "the actual expenses and reasonable attorneys fees of all parties" clearly import that the property owner shall not be made to suffer for a proceeding which he did not initiate and which is one of the most extraordinary in the law— the taking of private property.

This being true and the above fact situation having been brought to attention, should this Court dismiss the matter because an order determining the amount of attorney fees, under said section 213.38, is not reviewable of right? We think not. Court Rule No 72 (1945)* provides this Court with ample authority under these circumstances to deal with what we view to have been an improper decision by the trial court. Accordingly, we shall treat this matter as a petition for writ of certiorari in accordance with the powers of this Court under Court Rule No 72.

A court may and very properly should inquire into the services actually rendered before approving a bill and the mere fact that a bill has been rendered for a certain amount, or that there is testimony that the bill is reasonable, or that the client and the attorney agreed to a certain amount for services, is not controlling. But certainly all such facts should be considered, together with any others which may be presented to the judge, or which the judge himself may develop upon examination.

---

* "Sec. 1. The Supreme Court may, at any time, in addition to its general powers, in its discretion and on such terms as it deems just:

"(a) Exercise any or all of the powers of amendment of the court or tribunal below; * * *

"(g) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

Once the proceeding has been instituted, reasonable attorney fees should be awarded for work done in preparation for trial. However, attorney fees for work done prior to the actual initiation of proceedings should not be included in the award since, until the proceedings are under way, it cannot be said that condemnation has been begun under the statute and the Constitution.

The bill of Miss Scott for the months of November, 1960 to January, 1961, in the sum of $72.50 is disallowed. It is the finding of this Court that her bill is a reasonable one for the services rendered during the condemnation proceedings. The bill for January through March, 1961, for attorney fees and secretarial services, in the sum of $2,721.14, is allowed. Expenses of $526.19, not in dispute and allowed by the trial court, are also allowed. Costs to appellants.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.