## MICHIGAN CONSOLIDATED GAS COMPANY *v.* MUZECK

### MATTER OF ATTORNEY FEES

1. Eminent Domain—Statutes—Condemnation—Attorney Fees—
   Legislative Intent.

   Statutory language that the expenses of condemnation proceedings shall be paid by the petitioner and that attorney fees may be allowed by the court as may seem just and reasonable for attendance at the hearing indicates that the legislature intended to provide for attorney fees which are just and reasonable without specific limitation of amount and without considering fees paid or agreed upon, but limited to fees for attendance at hearings (CLS 1961, § 486.252g).

2. Statutes—Reasonable Construction.

   Words of a statute which are not precise and clear should be construed in the most reasonable manner to accomplish the objective of the statute.

3. Same—Construction—Words and Phrases—Hearing—Condemnation.

   The word "hearing", as used in statute allowing reasonable attorney fees for attendance at the hearing in a condemnation action, is plural and must be construed to mean a judicial examination of all issues between parties, whether of law or of fact and on appeal as well as at trial (CLS 1961, § 486-.252g).

4. Eminent Domain — Statutes — Attorney Fees — Just and Reasonable.

   "Just and reasonable" fees for attorneys for landowners in condemnation proceedings should be determined according to common and approved usage, considering the complexity of the subject matter of the hearing, the character of services rendered, the importance of the hearing, the time spent, and the result accomplished (CLS 1961, § 8.3a; § 486.252g).

---

References for Points in Headnotes
[1, 3, 4]  27 Am Jur 2d, Eminent Domain § 476.
2d 694, 10 ALR3d 974).

Appeal from St. Clair Probate Court, Black (Vera I.), J. Submitted Division 2 October 8, 1968, at Lansing. (Docket No. 4,853.) Decided December 23, 1968. Amended opinion filed March 21, 1969.

Petition by Bush, Luce, Henderson & Black and Hogan & Kostoff, attorneys for Raymond E. Beier and Alvira Beier, for reasonable attorneys fee for representing the Beiers in condemnation proceedings brought by the Michigan Consolidated Gas Company. Order for attorneys fees. Michigan Consolidated Gas Company appeals. Reversed and remanded for further proceedings.

*Dutchess, Mika, Miles, Meyers & Beckett* and *Delmer L. Cleland,* for plaintiff.

*Bush, Luce, Henderson & Black* and *Hogan & Kostoff,* for defendants.

QUINN, P. J. This appeal is from an award of attorney fees by the probate court to the attorneys for the condemnee in a condemnation proceeding brought under PA 1923, No 238, as amended, being CL 1948, § 486.251 *et seq.* (Stat Ann 1968 Cum Supp § 22.1671 *et seq.*). The issue presented for resolution by this Court is whether on this record an award of $64,800 under the provisions of CLS 1961, § 486.252g (Stat Ann 1968 Cum Supp § 22.1672[7]) can be sustained.

The pertinent language of the section of the statute last referred to is:

"The expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall allow, in addition to taxable costs, additional attorney fees as may seem just and reasonable by the court for attendance at the hearing."

Prior to amendment by PA 1957, No 254, this same language was:

"The expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall allow such fees and compensation as seem just and reasonable."

In *Detroit Edison Company* v. *Janosz* (1957), 350 Mich 606, the Supreme Court held that the language last quoted authorized an award of attorney fees, and indicated that the 1957 amendment was intended to clarify rather than change the existing statute.

As originally introduced, the amendatory act of 1957 read:

"The expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall allow, in addition to taxable costs, additional attorney fees as seem just and reasonable but not to exceed $200 per day, or part thereof for attendance at the hearing."

By amendment in the House of Representatives, this language was changed to:

"The expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall allow, in addition to taxable costs, additional attorney's fees as seem just and reasonable, attorney fees actually paid or agreed upon but not to exceed $200 per day, or part thereof, for attendance at hearing."

As finally enacted, the amendment read as quoted in the second paragraph of this opinion. (This legislative history is found in 1 House Journal [1957], 779 and 1084, and 2 House Journal [1957], 1776 and 2059.)

From this we deduce the legislature intended to provide for the allowance of attorney fees that are just and reasonable, without specific limitation as

to amount and without considering the amount of such fees paid or agreed upon but limited to fees for attendance at hearings.

The words "attendance at hearing" are not precise and clear. In the case before us, there was a hearing on jurisdiction. The decision on that hearing was appealed to circuit court, where another hearing was had. The circuit court decision was appealed to the Court of Appeals and another hearing was had, *Michigan Consolidated Gas Company* v. *Muzeck* and *Beier* v. *St. Clair Probate Judge* (1966), 4 Mich App 502. The Court of Appeals decision was appealed to the Supreme Court, and another hearing was had, same cases (1967), 379 Mich 649. In addition to 4 hearings on jurisdiction, there were hearings on necessity and damages, and the damage award was appealed to the Court of Appeals, *Michigan Consolidated Gas Company* v. *Muzeck, Appeal re Beier* (1967), 8 Mich App 329 (72 PUR3d 101). If "hearing" is construed literally, which of these many hearings is to be chosen in awarding attorney fees for attendance at hearing?

Our obligation is best expressed in *June* v. *School District No. 11, Southfield Township, Oakland County* (1938), 283 Mich 533, 543 (116 ALR 581), as:

"When the words of the statute are not precise and clear, the construction which is most reasonable and best suited to accomplish the objects of the statute, should be adopted, and a construction leading to an absurd consequence shall be disregarded."

The word "hearing" must be construed as plural and construed to mean a judicial examination of the issues between the parties, whether of law or fact. *Matthews* v. *Weiss* (1958), 15 Ill App 2d 530 (146 NE2d 809). Trial and appellate hearings are included, except such as are determined to be frivolous or vexatious by the hearing court.

The words "just and reasonable" should be construed and understood according to the common and approved usage of the language, CLS 1961, § 8.3a (Stat Ann 1961 Rev § 2.212[1]), in context with the complexity of the subject matter of the hearing and the need for multiple counsel to be in attendance. In addition, the character of the services rendered at the hearing, the importance of the hearing, the time spent thereat and the result accomplished are all factors to be applied in determining what is just and reasonable. *Crary* v. *Goldsmith* (1948), 322 Mich 418. The minimum fee schedule may be some evidence of what is just and reasonable, but it is not determinative.

This Court recognizes that neither counsel nor the trial court had the benefit of this or any decision construing the statute involved. The record before us is not, and could not be, amenable to adequate review by this Court. The information contained in the record was not elicited with the standards here announced in mind. Much as we would like to terminate this protracted litigation, we are unable to do so on this record.

The award of attorney fees is set aside and held for naught. The present record is remanded to the probate court for the county of St. Clair for the purpose of taking such additional proofs as the parties may desire to establish a record in conformity with the standards heretofore expressed. When completed, that record shall be certified to this Court for determination of the attorney fees to be awarded, and this Court specifically retains jurisdiction for that purpose. Costs to abide ultimate decision.

HOLBROOK and VANDER WAL, JJ., concurred.