ESCANABA & LAKE SUPERIOR RAILROAD COMPANY v
KEWEENAW LAND ASSOCIATION, LTD

Docket No. 89848. Submitted September 30, 1986, at Marquette.
Decided December 16, 1986.

Escanaba & Lake Superior Railroad Company brought an action
in the Dickinson Circuit Court seeking to condemn property
owned by Keweenaw Land Association, Ltd. and M. A. Hanna
Company, formerly known as the Hanna Mining Company, for
use in its railroad operations, pursuant to the Uniform Con-
demnation Procedures Act (UCPA). Keweenaw and Hanna filed
motions for review of the necessity of the condemnation and for
summary judgment on the ground that the complaint did not
comply with certain requirements of the UCPA. Additionally,
Keweenaw and Hanna filed motions for summary judgment,
arguing that the railroad company did not make a good-faith
offer to purchase their property, as required by the UCPA,
before commencing condemnation proceedings. The trial court,
John D. Payant, J., granted summary judgment in favor of
Keweenaw and Hanna, ruling that the railroad company had
not made a good-faith offer to purchase the property it sought
to condemn. The trial court retained jurisdiction to allow the
railroad company to make a good-faith offer. The railroad
company then filed motions for reconsideration of the grant of
summary judgment and for disqualification of Judge Payant on
the basis of a possible conflict of interest. Judge Payant denied
the motion to disqualify himself, but allowed the railroad
company to request referral of the motion to the state court
administrator pursuant to a court rule. The state court admin-
istrator assigned the motion to Judge Craig Rolfs, who immedi-

REFERENCES

Am Jur 2d, Appeal and Error § 1022.

Am Jur 2d, Eminent Domain §§ 266 et seq.; 297, 298, 473-476.

Liability, upon abandonment of eminent domain proceedings, for
loss or expenses incurred by property owner, or for interest on
award or judgment. 92 ALR2d 355.

Attorney's fees as within statute imposing upon condemnor liability
for "expenses," "costs," and the like. 26 ALR2d 1295.

See also the annotations in the Index to Annotations under Appeal
and Error.

ately became the subject of the railroad company's motion to disqualify on the basis of his personal friendship with Judge Payant. Judge Rolfs denied the motion to disqualify himself and the motion to disqualify Judge Payant. Keweenaw and Hanna then filed a joint motion for reimbursement of costs and attorney fees they had expended in the condemnation action, pursuant to a provision of the UCPA. Judge Payant issued an order awarding the full amount of reimbursement requested by Keweenaw and Hanna. The railroad company appealed from that order.

The Court of Appeals *held:*

1. Under the UCPA, a property owner may seek reimbursement for reasonable attorney fees and costs where: (1) the owner successfully challenged the condemnor's right to acquire the property or the legal sufficiency of the proceedings; and (2) the court finds the proposed acquisition improper. In this case, both requirements were met when the trial court ruled that the railroad company had not made a good-faith offer to purchase the property as required by the UCPA.

2. The legislative intent behind the UCPA is to place the property owner in as good a position as was occupied before the taking or, in this case, the attempted taking. The trial court's award of reasonable attorney fees and costs incurred by Keweenaw and Hanna in opposing the railroad company's motion to disqualify Judges Payant and Rolfs is consistent with that intent, since the appointment of a new judge, had one been made, would have presented a greater likelihood of the summary judgment in favor of Keweenaw and Hanna being overturned.

3. The trial court did not abuse its discretion in awarding Keweenaw and Hanna attorney fees they had paid to out-of-state counsel.

4. The trial court erred in awarding reimbursement of salaries and fringe benefits of in-house counsel and other corporate employees to the extent that such salaries and fringe benefits would have been paid even in the absence of condemnation proceedings. A remand is necessary for a determination of the amount properly reimbursable, since the record is unclear as to whether in-house counsel were paid more than they would normally be paid due to the condemnation proceedings.

5. Attorney fees and expenses incurred by Keweenaw and Hanna in this appeal are reimbursable under the UCPA.

6. Keweenaw and Hanna are entitled to interest at the rate set by statute for all civil actions on their reimbursement

awards. On remand, the trial court shall compute interest at that rate.

Affirmed in part, reversed in part, and remanded.

1. EMINENT DOMAIN — CONDEMNATION — COSTS — ATTORNEY FEES.

Attorney fees may not be awarded in a condemnation action unless specifically authorized by statute or court rule.

2. EMINENT DOMAIN — CONDEMNATION — UNIFORM CONDEMNATION PROCEDURES ACT — COSTS — ATTORNEY FEES.

A property owner may seek reimbursement for reasonable attorney fees and costs incurred in defending against a condemnation action brought under the Uniform Condemnation Procedures Act where: (1) the owner successfully challenged the condemnor's right to acquire the property or the legal sufficiency of the proceedings; and (2) the court finds the proposed acquisition improper (MCL 213.66[2]; MSA 8.265[16][2]).

3. EMINENT DOMAIN — CONDEMNATION — UNIFORM CONDEMNATION PROCEDURES ACT — LEGISLATIVE INTENT.

The legislative intent behind the Uniform Condemnation Procedures Act is to place the owner of the property in as good a position as was occupied before the taking.

4. COSTS — ATTORNEY FEES — OUT-OF-STATE COUNSEL — APPEAL.

A trial court, when deciding whether to award attorney fees paid by a party to out-of-state counsel, must determine whether retention of such counsel was necessary; absent an abuse of discretion, the trial court's decision to award attorney fees for out-of-state counsel should not be reversed on appeal.

5. EMINENT DOMAIN — CONDEMNATION — UNIFORM CONDEMNATION PROCEDURES ACT — COSTS — ATTORNEY FEES.

A property owner who successfully defends against a condemnation action brought under the Uniform Condemnation Procedures Act may not seek reimbursement of attorney fees and costs he would have incurred even in the absence of the condemnation proceedings (MCL 213.66[2]; MSA 8.265[16][2]).

6. EMINENT DOMAIN — CONDEMNATION — UNIFORM CONDEMNATION PROCEDURES ACT — COSTS — ATTORNEY FEES — APPEAL.

A property owner who successfully defends against a condemnation action brought under the Uniform Condemnation Procedures Act may properly seek reimbursement of attorney fees and costs incurred in response to an appeal by the condemnor.

7. EMINENT DOMAIN — CONDEMNATION — UNIFORM CONDEMNATION PROCEDURES ACT — COSTS — ATTORNEY FEES — INTEREST.

A property owner who successfully defends against a condemna-

tion action brought under the Uniform Condemnation Procedures Act and is awarded attorney fees and costs incurred in defending against such action is entitled to interest for such award at the rate set by statute for all civil actions (MCL 600.6013; MSA 27A.6013).

*Mason, Steinhardt & Jacobs, P.C.* (by *Walter B. Mason, Jr., Frederick D. Steinhardt*, and *Paul Owen Ashba),* for Escanaba & Lake Superior Railroad Company.

*Monaghan, Campbell, LoPrete, McDonald & Sogge* (by *Boris K. Yakima),* and *Clancey, Hansen, Chilman, Graybill & Greenlee, P.C.* (by *Ronald E. Greenlee III),* for M. A. Hanna Mining Company.

*Jacobs, McDonald & Silc, P.C.* (by *David E. McDonald, Sr.),* for Keweenaw Land Association, Ltd.

Before: ALLEN, P.J., and CYNAR and R. C. LIVO,* JJ.

ALLEN, P.J. Is a property owner, whose land is unsuccessfully sought to be condemned by a third party under the Uniform Condemnation Procedures Act,[1] entitled to reimbursement of attorney fees and expenses pursuant to § 16 of that act, MCL 213.66; MSA 8.265(16), where the condemnation action was dismissed because of the legal insufficiency of the proceedings but the court had not expressly found "the proposed acquisition improper"? If the answer to this question is "yes," are attorney fees and expenses of in-house legal counsel recoverable? The questions raised are of first impression.

Plaintiff, Escanaba & Lake Superior Railroad

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] 1980 PA 87, MCL 213.51 *et seq.;* MSA 8.265 *et seq.*

Company, is located in Delta and Dickinson counties in the upper peninsula of Michigan. It is a private agency with the power to condemn. In early 1983, plaintiff determined that it was necessary for its operations to acquire certain lands owned by defendants Keweenaw Land Association, Ltd., and M. A. Hanna Company, formerly known as The Hanna Mining Company. Specifically, plaintiff wished to condemn land containing certain amounts of rock owned by Keweenaw and acquire interests in equipment and vehicles owned by Hanna in order to crush the rock to provide ballast to place on its railroad beds in Michigan and Wisconsin. The land sought to be condemned was located at the Groveland Mine in Felch Township, Dickinson County. Plaintiff made an offer to Hanna and Keweenaw to purchase the property for $80,000, but Hanna and Keweenaw refused to sell. Therefore, plaintiff filed a complaint under § 5 of the Uniform Condemnation Procedures Act (UCPA), MCL 213.55; MSA 8.265(5), which provides that an agency wishing to condemn property whose offer to purchase has been refused may file a complaint in the circuit court in the county in which the property is located, asking the court to determine the compensation to be paid to the owners for acquisition of the property. On June 24, 1983, and June 27, 1983, Hanna and Keweenaw filed motions for review of necessity pursuant to MCL 213.56; MSA 8.265(6). Hanna and Keweenaw also filed motions for summary judgment on the ground that plaintiff's complaint did not comply with all the requirements of MCL 213.55; MSA 8.265(5). On July 11, 1983, Judge John D. Payant denied defendants' motions for summary judgment.

On July 24, 1983, the hearing was held on defendants' motions for review of necessity, and

defendants filed new motions for summary judgment. On August 8, 1983, Hanna and Keweenaw's motions for summary judgment were granted on the ground that plaintiff did not make a good-faith offer to purchase the property from Hanna and Keweenaw as required by MCL 213.55; MSA 8.265(5). The court retained jurisdiction to oversee any attempt by plaintiff to correct the error.

On August 25, 1983, plaintiff moved for a rehearing on the grant of defendants' motions for summary judgment. When defendants filed an answer in opposition to the motion, plaintiff moved to disqualify Judge Payant pursuant to GCR 1963, 912, now MCR 2.003, on grounds that Judge Payant possibly had a conflict of interest because of his stock holdings in Felch Quarry Corporation, which was located close to the property which plaintiff sought to condemn. Defendants answered in opposition to the motion and on October 17, 1983, Judge Payant denied the motion to disqualify himself, but stated that he would allow plaintiff to request referral of the motion to the state court administrator pursuant to GCR 1963, 912.3(c)(2), now MCR 2.003(C)(3)(b).

On November 14, 1983, plaintiff formally requested Judge Payant to refer the motion for disqualification to the state court administrator to be assigned to another judge pursuant to GCR 1963, 912.3(c)(2), for that judge to decide the motion de novo. The state court administrator assigned the motion to Judge Craig Rolfs, whereupon plaintiff promptly filed a motion to disqualify Judge Rolfs on the ground that Judge Rolfs was a personal friend of Judge Payant. On February 2, 1984, Judge Rolfs by opinion and order declined to disqualify himself. On June 29, 1984, Judge Rolfs formally denied the motion to disqualify Judge Payant.

On September 8, 1984, defendants filed a joint motion for reimbursement of costs and attorney fees that they expended in the condemnation action, requesting reimbursement of $80,108.18. This motion was brought pursuant to MCL 213.66(2); MSA 8.265(16)(2), which reads:

> If the property owner, by motion to review necessity or otherwise, successfully challenges the agency's right to acquire the property, *or the legal sufficiency of the proceedings, and the court finds the proposed acquisition improper,* the court shall order the agency to reimburse the owner for actual reasonable attorney fees and other expenses incurred in defending against the improper acquisition. [Emphasis supplied.]

Hearing on the motion was held October 8, 1985, at which counsel for the railroad argued: (1) that the trial court had not found "the proposed acquisition improper" as required by the statute, but had only found the legal proceedings inadequate because the railroad had not made a good-faith offer; (2) that legal fees incurred by plaintiff in connection with the motions to disqualify Judges Payant and Rolfs were not reimbursable; and (3) that salaries and fringes of in-house legal counsel and staff were not reimbursable since they were costs which defendants would have incurred even if plaintiff had not sought to condemn the property.

Counsel for defendants argued: (1) that when the trial court found the proceedings inadequate for lack of a good-faith offer, the court necessarily found "the proposed acquisition improper"; (2) that the attempts to disqualify Judges Payant and Rolfs were necessarily part of the attempt to condemn; and (3) that *all* the expenses incurred by defendants were reimbursable, it being the intention of

the Legislature to put the property owners in as good a condition as they would have been had the condemnation proceeding not been brought.

On December 12, 1985, Judge Payant issued an opinion and order awarding the full amount of reimbursement requested by Hanna and Keweenaw. The court found that all the amounts contained in defendants' motion were reasonable and were attributable to all the proceedings which took place in the condemnation action. The court further found that expenses incurred in defense of the motions to disqualify Judges Payant and Rolfs were properly reimbursable. By order entered December 12, 1985, the court awarded Hanna the sum of $75,055.72 and Keweenaw $14,693.65. From that order plaintiff appeals as of right, raising six issues.

I. DID THE TRIAL COURT ERR IN HOLDING THAT DEFENDANTS ARE ENTITLED TO REIMBURSEMENT OF ATTORNEY FEES AND EXPENSES UNDER MCL 213.66(2); MSA 8.265(16)(2) WHERE THE CONDEMNATION ACTION BROUGHT UNDER THE UNIFORM CONDEMNATION PROCEDURES ACT WAS DISMISSED BECAUSE OF THE LEGAL INSUFFICIENCY OF THE PROCEEDINGS BUT THE COURT HAD NOT EXPRESSLY STATED WHEN DISMISSING THE COMPLAINT THAT THE PROPOSED ACQUISITION WAS IMPROPER?

Attorney fees may not be awarded in a condemnation action unless specifically authorized by statute or court rule. *Canton Twp v Kaufman,* 87 Mich App 719, 720; 276 NW2d 505 (1979), lv den 408 Mich 858 (1980). The issue in the instant case is not the reasonableness of the attorney fees and costs charged. The parties have stipulated to their reasonableness. The question is whether the fees and costs so stipulated are reimbursable at all where the court, in dismissing plaintiff's complaint

for failure to make a good-faith offer to purchase as required by the statute, did not expressly find "the proposed acquisition improper." We begin our analysis by looking to the meaning of the word "improper," as that term is used in MCL 213.66(2); MSA 8.265(16)(2), set forth *supra.*

*Webster's Third New World International Dictionary* (1964) defines the word "improper" as

> not proper; as a: not accordant with fact, truth, *or right procedure* . . .  b: not regularly or normally formed or not properly so called . . .  c: not suited to the circumstances, design or end . . .  d: not in accord with propriety, modesty, good taste, or good manners . . . . [Emphasis supplied.]

Plaintiff contends that the statute set forth a two-pronged test which the owner of the land must meet in order to be eligible for reimbursement: (1) the owner must successfully challenge the condemnor's right to acquire property or the legal sufficiency of the proceedings; and (2) the court must find the proposed acquisition improper. According to plaintiff, the trial court failed to meet the second prong. We agree that the statute sets forth a two-pronged requirement, but we strongly disagree that the trial court failed to meet the second prong. Clearly, when the trial court found that plaintiff had not made a good-faith offer to purchase as required by the statute, the court found the proceedings procedurally *insufficient.* This met the first prong of the test. Likewise, when the court found the proceedings procedurally insufficient, it also found the proposed acquisition "improper," since it was "not accordant with . . . right procedure." In short, we hold that a finding that the condemnation proceedings are procedurally defective is per se a finding that the proposed

acquisition is improper, and that the trial court does not have to separately state on the record that it finds the acquisition "improper." To hold otherwise, under the instant circumstances, places form over substance.

Plaintiff cites *In the Matter of Acquisition of Land for the Central Industrial Park Project,* 127 Mich App 255; 338 NW2d 204 (1983), for the proposition that before a court may find a condemnation proceeding to be improper, the court must find that the condemning agency used some type of coercive action. *Central Industrial Park* does not stand for such a proposition. This Court in *Central Industrial Park* held only that the trial court in which a condemnation action is brought is the proper forum in which to test both the validity of an agency's good-faith offer and to determine whether, *if alleged,* the agency took coercive action in acquiring the property. 157 Mich App 259. No allegation of coercive action was raised in the case before us.

II. DID THE TRIAL COURT ERR IN AWARDING REIMBURSEMENT OF THE ATTORNEY FEES AND COSTS INCURRED BY DEFENDANTS IN OPPOSING PLAINTIFF'S MOTIONS FOR DISQUALIFICATION OF JUDGES PAYANT AND ROLFS?

As is the first issue raised, this issue is of first impression. However, four Michigan decisions suggest that the trial court properly ruled such costs are reimbursable. In *Michigan Consolidated Gas Co v Muzeck,* 15 Mich App 193; 166 NW2d 273 (1968), this Court reviewed an award of attorney fees in a condemnation action. The pertinent language of the statute regarding attorney fees stated:

> The expense of the proceeding shall be paid by the petitioner and as a part thereof the court shall

> allow, in addition to taxable costs, additional attorney fees as may seem just and reasonable by the court for attendance at the hearing. [15 Mich App 194.]

This court held that the word "hearing" must be construed as plural and construed to mean any judicial examination of the issues between the parties, whether of law or fact, including trial and appellate hearings, except if frivolous. *Michigan Consolidated Gas, supra,* p 196.

In *Central Transport, Inc v Fruehauf Corp,* 139 Mich App 536; 362 NW2d 823 (1984), this Court had to determine whether a lease agreement which provided for actual and reasonable attorney fees to the prevailing party included reimbursement for services rendered upon appeal. This Court held that a contractual provision for reasonable attorney fees in enforcing provisions of the contract may validly include allowance for services rendered upon appeal. *Central Transport, supra,* p 549. Finally, in *Rancour v The Detroit Edison Co,* 150 Mich App 276; 388 NW2d 336 (1986), lv pending, this Court stated that the award of attorney fees under a civil rights statute is a matter of discretion for the trial court, and that in exercising its discretion the court should consider a request for attorney fees in light of the legislative purposes involved. *Rancour, supra,* pp 292-293.

In *In re Kent County Airport,* 368 Mich 678; 118 NW2d 824 (1962), in reviewing an award of attorney fees in a condemnation action pursuant to MCL 213.38; MSA 8.28, the predecessor to MCL 213.66; MSA 8.265(16), the Court stated:

> It is the clear intent of the eminent domain provision of the Constitution and of the above statutory provision to protect a property owner and save him whole in condemnation proceedings

which are instituted against his property and which he must defend at his peril. The words "the actual expenses and reasonable attorneys fees of all parties" clearly import that *the property owner shall not be made to suffer for a proceeding which he did not initiate* and which is one of the most extraordinary in the law—the taking of private property. [368 Mich 685-686. Emphasis supplied.]

The legislative intent behind the Uniform Condemnation Procedures Act is to "place the owner of the property in as good a position as was occupied before the taking." *Detroit v Michael's Prescriptions,* 143 Mich App 808, 811; 373 NW2d 219 (1985). While it is argued that on the motion to disqualify the opposing party was the judge and not the property owners, it is clear to us that if a new judge had been appointed, there would have been a much greater chance that he would overturn the orders granting summary judgment to defendants. Therefore, defendants very properly opposed the motion to disqualify and incurred legal costs in so doing. Unless such legal expenses are reimbursable, the property owners are made to suffer for proceedings they did not initiate. This would be contrary to legislative intent.

### III. DID THE TRIAL COURT ERR IN AWARDING ATTORNEY FEES TO OUT-OF-STATE LEGAL COUNSEL?

Hanna retained Hvass, Weisman & King to verify that the $80,000 which plaintiff claimed it had deposited in a Minnesota bank was there. Keweenaw originally retained Arter & Hadden to defend the condemnation suit, and Arter & Hadden did some research and investigation before referring the case to Keweenaw's Michigan counsel. Plaintiff requests this Court to make a blanket holding that it is prima facie improper for a trial

court to award reimbursement of attorney fees to out-of-state law firms not entering an appearance in the case. We disagree. The question is not whether the law firm retained is in-state or out-of-state; the question is whether retention of the firm is necessary. It is the trial court's duty to determine whether retention of the firm was necessary. Absent an abuse of discretion, the decision of the trial court should not be reversed. Just because the firm employed is out-of-state does not make retention unnecessary. Accordingly, we decline to rule that it is prima facie unreasonable to award attorney fees to out-of-state counsel.

### IV. DID THE TRIAL COURT ERR IN AWARDING REIMBURSEMENT OF SALARIES AND FRINGE BENEFITS OF IN-HOUSE COUNSEL AND OTHER CORPORATE EMPLOYEES?

Hanna requested $25,198.44 in "staff salaries & fringes." Keweenaw requested $5,495.71 in "staff salaries & costs." At the hearing on the motion for reimbursement, counsel for Hanna referred to an affidavit by William E. Welsh, director of lands and leasing for Hanna. Attached to the affidavit are summaries of the time and expense records of Hanna employees who worked on the defense of this condemnation proceeding.

Counsel for Keweenaw stated that the Boston office of Keweenaw had fees and expenses totaling $3,216.32, and that the Crystal Falls office of Keweenaw had a fee of $1,300 for their office administration and expenses, plus out-of-pocket expenses of $221, plus a transcript expense of $387.71. Counsel for Keweenaw later stated:

> I would also point out that in terms of the expenses of Keweenaw, both of its Boston office and of its Crystal Falls office, these fees are conser-

vative and do not include the costs of the—of the officers having to talk with the board of directors or other officials of the company or accountants and things like this. They do not include the secretarial costs in total that would be involved in this, nor do they include office overhead. These are just strictly time, minutes, hours, that the principals of those two offices have had to incur to be involved during the course of these proceedings.

The trial court held that defendants were to be reimbursed for all salaries and fringe benefits of defendant's staff and in-house counsel who worked on the case. The rationale of the court was that had these employees not been required to spend time on the instant suit, they would have been working on other projects in furtherance of the employer's interests. Therefore, reimbursement was granted even though the same costs would have been paid by the employer had the railroad not filed suit. We respectfully disagree.

MCL 213.66(2); MSA 8.265(16)(2) does not reimburse the property owner for all costs incurred. Instead, it reimburses "for actual *reasonable* attorney fees and other *expenses.*" Though the question is admittedly close and of first impression in Michigan, we read the word expenses to mean money paid out that otherwise would not have been paid had a condemnation proceedings not been undertaken. Here the money would have been paid anyway, and, thus, in our opinion is not expenses as that term is used in the statute. A case out of Minnesota supports out position.

In *State of Minnesota v Savage,* 255 NW2d 32 (Minn 1977), a condemnation proceeding was dismissed and, pursuant to a Minnesota statute similar to Michigan's, the property owners moved to recover costs, expenses and attorney fees. The statute authorized the recovery of "reasonable"

costs and expenses. The Minnesota Supreme Court held that the language "reasonable costs and expenses including fees of counsel" means charges which the landowner incurs and which he is obligated to pay out of pocket as litigation expense or reparation for the actual taking of the property. *Savage, supra,* p 38. Similarly, in our opinion, the term expenses in the Michigan statute contemplates only out-of-pocket outlays of money and does not include salaries to corporate employees or in-house counsel that would be paid even if the condemnation proceeding had not been brought. However, to the extent that in-house counsel for Hanna and Keweenaw were paid extra compensation which they would not normally be paid, or where outside counsel was hired to handle other matters which in-house counsel could not handle because of the condemnation action, these expenses should be reimbursable. Since it is unclear whether all the time spent by in-house counsel resulted in payments to them that would not normally be made, the case should be remanded on this issue for the trial court to determine whether in-house counsel were paid more than they would normally be paid for their work. Accordingly, issue IV is remanded for determination as so directed.

### V. ARE ATTORNEY FEES AND EXPENSES INCURRED IN THIS APPEAL REIMBURSABLE UNDER THE STATE?

This issue, too, is of first impression. It as not addressed by the trial court, since appeal had not yet been taken. Relying on *State of Louisiana v Illinois Central Gulf R Co,* 464 So 2d 401 (1985), defendants contend that the costs of this appeal should be reimbursed by plaintiff. Plaintiff argues that attorney fees and costs are not awardable in

condemnation actions unless specifically authorized by statute, *Clinton Twp v Kaufman,* 87 Mich App 719, 721; 276 NW2d 505 (1979), and that the statute in the instant case only authorizes reimbursement for expenses incurred *"in defending against the improper acquisition."*

In *Illinois Central,* the Louisiana Court of Appeals held that when a condemnation proceeding is dismissed by a court and the property owner files a motion for reimbursement of attorney fees and expenses, the condemning agency must also pay the attorney fees incurred by the property owners on appeal of a trial court's denial of reimbursement. *Illinois Central, supra,* p 404. There is one distinguishing factor between *Illinois Central* and the instant case, however. The Louisiana statute providing for reimbursement stated that the condemning agency shall reimburse the owner for his reasonable attorney fees "actually incurred because of the expropriation proceeding." Arguably, plaintiff is correct in stating that this appeal does not directly involve "defending against the improper acquisition." However, we opine that the defendants' position is the better one.

Clearly, the issues in dispute in this appeal grew out of the property owners' "defending against the improper acquisition." But for the defense, there would be no appeal. Therefore, while the expenses on appeal were not *directly* incurred in defending against the acquisition, they are certainly expenses incurred in *continuing* to defend (viz.: preserve benefits won) against the improper acquisition. Attorney fees and expenses incurred on appeal were held awardable, even though the statute did not expressly so state, in *Michigan Consolidated Gas v Muzeck, supra,* and *Central Transport, Inc v Fruehauf, supra.*

.

VI. WHICH OF TWO STATUTES PERTAINING TO INTEREST GOVERNS THE CALCULATION OF INTEREST ON DEFENDANTS' JUDGMENT?

The trial court awarded interest "at the legal rate" on defendants' judgment to commence thirty days from the order of reimbursement, but did not state which of two possible statutes pertaining to interest should be applied. Plaintiff claims on appeal that the interest provision of the Uniform Condemnation Procedures Act, MCL 213.65; MSA 8.265(15), applies. Defendants claim that the interest statute applicable to all civil actions, MCL 600.6013; MSA 27A.6013, applies. The question raised is of first impression. The interest provision of the UCPA states:

> The court shall award interest on the judgment amount from the date of the filing of the complaint to the date of payment of the amount, or any part of the amount. Interest shall be computed at the interest rate applicable to a federal income tax deficiency or penalty. However, an owner remaining in possession after the date of filing shall be considered to have waived the interest for the period of possession. If it is determined that a de facto acquisition occurred at a date earlier than the date of filing, interest awarded pursuant to this section shall be calculated from the earlier date.

In our opinion, the above provision as to interest applies only to judgments which the trial court or jury awards property owners as just compensation for a successful condemnation proceeding. The provision comes directly after MCL 213.63; MSA 8.265(13) and MCL 213.64; MSA 8.265(14), which are the provisions on the rendering of a verdict of just compensation in successful condemnation actions under the UCPA. In addition, MCL 213.65;

MSA 8.265(15) provides that if an owner remains in possession, he shall be considered to have waived the interest for the period of the possession. If the UCPA interest statute were applied in the instant case, defendants would receive no interest, since they were never ousted from their property.

All cases decided under MCL 213.65; MSA 8.265(15) have involved successful condemnation proceedings. We believe that this statute does not apply to awards of attorney fees for *unsuccessful* condemnation proceedings under MCL 213.66(2); MSA 8.265(16)(2). Therefore, we conclude that the interest statute applicable to defendants' reimbursement order is MCL 600.6013; MSA 27A.6013, the interest statute applicable to all civil actions, and remand to the trial court for computation of interest as so determined.

### CONCLUSION

In summary we hold:

(1) The the trial court did not abuse its discretion in finding that defendants were entitled to reimbursement of attorney fees even though, in dismissing plaintiff's complaint, Judge Payant did not expressly state that the proposed acquisition was improper.

(2) That the trial court did not abuse its discretion in awarding reimbursement for attorney fees and expenses incurred by defendants in defending against plaintiff's motions to disqualify Judge Payant and Judge Rolfs.

(3) That the trial court did not abuse its discretion in awarding attorney fees to Ohio and Minnesota counsel.

(4) That the trial court erred in awarding reimbursement of staff salaries and fringe benefits of

corporate employees and in-house counsel to the extent that the salaries and benefits would have been paid even if plaintiff had not brought its condemnation action.

(5) That defendants should be reimbursed for attorney fees and expenses resulting from this appeal.

(6) That interest on sums awarded should be computed according to the general interest statute, MCL 600.6013; MSA 27A.6013.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. No costs, neither party having prevailed in full.