CITY OF LANSING v EDWARD ROSE REALTY, INC

CITY OF LANSING v EDWARD ROSE ASSOCIATES, INC

Docket Nos. 187701, 187702. Submitted March 5, 1997, at Lansing. Decided June 17, 1997, at 9:15 A.M.

The City of Lansing instituted condemnation proceedings in the Ingham Circuit Court against Edward Rose Realty, Inc., Trappers Cove Apartments—Stage 3, and Edward Rose Associates, Inc., seeking an order of condemnation establishing permanent easements through two apartment complexes owned by the defendants for the purpose of allowing Continental Cablevision to provide cable television service to tenants of the complexes as authorized by city ordinance. The court, Carolyn Stell, J., upheld the condemnation as valid. The defendants were granted leave to file two separate appeals. The appeals were consolidated, and the Court of Appeals, MARILYN KELLY, P.J., and MACKENZIE and GRIBBS, JJ., reversed, finding the condemnation proceedings invalid because the plaintiff's conduct specifically and identifiably benefited a private interest over the asserted public benefits. 192 Mich App 551 (1992). The plaintiff appealed and the Supreme Court affirmed the decision of the Court of Appeals. 442 Mich 626 (1993). Following the Supreme Court's decision, the defendants filed a motion in the circuit court seeking reimbursement of attorney fees and expenses incurred in the circuit court and the Court of Appeals pursuant to § 16 of the Uniform Condemnation Procedures Act, MCL 213.66; MSA 8.265(16). The court awarded the defendants only some of their requested fees and expenses. The defendants appealed and their appeals were consolidated.

The Court of Appeals *held*:

The trial court abused its discretion in denying reimbursement for the fees and expenses incurred with regard to the defendants' attempts to procure depositions of city council members and special council, an updated appraisal by the defendants' expert witness, defense counsel's use of associate attorneys at depositions and at trial, and attorney travel expenses. The order appealed from must be reversed and the matter must be remanded for entry of an order granting the defendants additional fees and expenses.

Reversed and remanded.

1. EMINENT DOMAIN — PUBLIC PURPOSE — PRIVATE PURPOSE — MUNICIPAL COR-
   PORATIONS — DEPOSITION OF MUNICIPAL OFFICERS.

   An exception to the rule that municipal officers generally may not be
   deposed with regard to their motivations for passing an ordinance
   has developed when there is an allegation that a municipality is
   pursuing condemnation for a private purpose; where condemnation
   power benefits private interests, courts inspect with heightened
   scrutiny the claim that the public interest is being advanced, and in
   doing so may legitimately consider the real rationale behind the
   condemnation; depositions aimed at determining the real rationale
   may be relevant.

2. MOTIONS AND ORDERS — ATTORNEY FEES — MULTIPLE COUNSEL

   The reasonableness of attorney fees for multiple counsel should be
   viewed in the context of the complexity of the subject matter of
   the hearing and the need for multiple counsel to be in attendance.

3. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — ATTORNEY
   FEES — EXPENSES.

   The Uniform Condemnation Procedures Act authorizes the reimburse-
   ment of attorney fees and other expenses incurred by a property
   owner in defending successfully an improper condemnation; travel
   expenses of an attorney not included in the attorney's hourly rate
   may be determined to be a proper expense (MCL 213.66[2]; MSA
   8.265[16][2]).

*James D. Smiertka*, City Attorney, and *Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Gregory L. McClelland* and *Jeffery V. Stuckey*), and *Latterman & Associates, P.C.* (by *Mark A. Latterman*), for the plaintiff.

*Farhat, Story & Kraus, P.C.* (by *Richard C. Kraus*), and *Winston & Strawn* (by *Deborah C. Costlow*), for the defendants.

Before: FITZGERALD, P.J., and MACKENZIE and TAYLOR, JJ.

MACKENZIE, J. In these consolidated appeals, defendants Edward Rose Realty, Inc., Trappers Cove Apartments—Stage 3, and Edward Rose Associates,

Inc., appeal as of right from an order awarding them a portion of the attorney fees and expenses they requested. We reverse.

Plaintiff City of Lansing instituted condemnation proceedings against defendants, the owners of two separate apartment complexes. The issue whether plaintiff could properly institute such proceedings was decided by the Supreme Court in *Lansing v Edward Rose Realty, Inc*, 442 Mich 626; 502 NW2d 638 (1993). The Supreme Court affirmed this Court's decision in *Lansing v Edward Rose Realty, Inc*, 192 Mich App 551; 481 NW2d 795 (1992), holding that plaintiff's condemnation proceedings were invalid because plaintiff's conduct specifically and identifiably benefited a private interest—Continental Cablevision, Inc.—over the asserted public benefits.

Following the Supreme Court's decision, defendants filed a motion for reimbursement of attorney fees and expenses incurred in the circuit court and the Court of Appeals pursuant to § 16 of the Uniform Condemnation Procedures Act, MCL 213.66; MSA 8.265(16).[1] The trial court awarded defendants $697,382.46 in attorney fees and expenses, but declined to order reimbursement of $86,389.40 in fees and expenses incurred in defending the condemnation action. Regarding the attorney fees and expenses incurred in the circuit court, the court disallowed four types of fees and expenses: (1) fees relating to defendants' attempts to procure depositions of city

---

[1] Defendants also filed a motion in the Supreme Court for fees and expenses incurred in that Court. The matter was remanded to the circuit court and resulted in an order awarding defendants $84,944.16 for attorney fees and expenses incurred at the Supreme Court level. The award was affirmed by the Supreme Court, *Lansing v Edward Rose Realty, Inc*, 450 Mich 851; 538 NW2d 677 (1995), and is not at issue in this appeal.

council members and special counsel, (2) fees and expenses related to an updated appraisal by defendants' expert witness, (3) fees and expenses related to defense counsel's use of associate attorneys at depositions and at trial, and (4) attorney travel expenses. It is the disallowance of these items that defendants challenge on appeal.

Defendants first argue that the trial court abused its discretion in finding that the fees and expenses incurred in attempting to depose Lansing City Council members and special counsel were unreasonable and frivolous. We agree. As a general rule, municipal officials may not be deposed regarding their motivations for passing an ordinance. See *Sheffield Development Co v Troy*, 99 Mich App 527, 531; 298 NW2d 23 (1980). However, an exception has developed when there is an allegation that a municipality is pursuing condemnation for a private purpose. "Ordinances passed under such general authority [as the home rule cities act, MCL 117.1 *et seq.*; MSA 5.2071 *et seq.*] are open to inquiry by the courts and, in order to be held valid . . . must be 'essential or indispensable to the accomplishment of the objects and purposes of the municipality.' " *Edward Rose, supra*, 442 Mich 634, quoting 5 McQuillin, Municipal Corporations (rev 3d ed), § 15.20, p 102. Thus, where, as here, condemnation power benefits private interests, courts inspect the claim that the public interest is being advanced with heightened scrutiny, *Poletown Neighborhood Council v Detroit*, 410 Mich 616, 634-635; 304 NW2d 455 (1981), and in so doing may legitimately consider "[t]he real rationale behind the condemnation . . . ." See *Center Line v Chmelko*, 164 Mich App 251, 256; 416 NW2d 401 (1987). Depositions aimed at determin-

ing the city's reasons for passage of the ordinance were therefore not irrelevant, as the trial court concluded, but instead were wholly consistent with the crux of the case. Because defendants' attempts to pursue such discovery were reasonable, we hold that the trial court abused its discretion in disallowing attorney fees and expenses related to the attempts to secure deposition testimony of council members and special counsel.

Defendants next argue that the trial court abused its discretion in disallowing any attorney fees and expenses related to revisions of an appraisal done by defendants' expert witness. Again, we agree. Originally, defendants' expert, who evaluated how much plaintiff owed in just compensation for the inverse condemnation, had included loss of monopoly status as a compensable damage. The trial court improperly excluded such testimony just days before trial. *Detroit v Michael's Prescriptions*, 143 Mich App 808, 820; 373 NW2d 219 (1985). Defendants' attempts to reappraise the damages under another theory were justifiable under the circumstances, and the expenses related to the new appraisal should have been allowed.

We also agree that the trial court abused its discretion in disallowing reimbursement of attorney fees and expenses attributable to associates of defense counsel Deborah Costlow's law firm attending trial and depositions. The reasonableness of attorney fees should be viewed "in context with the complexity of the subject matter of the hearing and the need for multiple counsel to be in attendance." *Michigan Consolidated Gas Co v Muzeck*, 15 Mich App 193, 197; 166 NW2d 273 (1968). This was a highly complex case

involving issues of first impression. It was not unreasonable to use associates to take notes and to handle the extraordinarily large number of exhibits. Further, as noted by defendants, plaintiff occasionally had as many as five attorneys in court. Under these circumstances, we are satisfied that the trial court abused its discretion in disallowing attorney fees for associates present at depositions and at trial.

Finally, defendants argue that the trial court abused its discretion in disallowing travel expenses. We agree. MCL 213.66(2); MSA 8.265(16)(2) authorizes the reimbursement of attorney fees and other expenses. Because the travel expenses were not included in the attorneys' hourly rates, the trial court should have allowed reimbursement for such expenses.

Reversed and remanded for entry of an order granting defendants additional fees and expenses. We do not retain jurisdiction.